### CAMPBELL v. CAMPBELL.

(Supreme Court, General Term, Fifth Department.   October 16, 1895.)

Concurring opinion.   For majority opinion, see 35 N. Y. Supp. 280.

WARD, J.   I concur in the result reached in this case, and, in addition to the reasons given in the opinion of the court for reversal, I am of the opinion that the decree the defendant obtained from Louis Whitney, her former husband, in Pennsylvania, was valid everywhere.   The defendant and her former husband were domiciled in Pennsylvania, and, while so domiciled, the husband committed adultery, and deserted his wife (the defendant).   Desertion and adultery are each a cause for absolute divorce under the laws of the state of Pennsylvania.   After the commission of these offenses, the husband left Pennsylvania, and came to the state of New York, the wife retaining her residence in Pennsylvania, and, while so residing there, brought an action for divorce in Pennsylvania for the causes mentioned, and obtained such divorce, according to the laws of that state.   The husband, by leaving the state, could not take with him his liability to be divorced from his wife according to the laws of her domicile, nor was the wife obliged to pursue him into the jurisdiction to which he had fled.   It is true there was no personal service on or appearance by the husband in the action, but that did not deprive the Pennsylvania courts of jurisdiction over him.   The cases cited by the plaintiff in this state are not like the one at bar.   Those cases mainly arose where parties left one state, took a fictitious residence in another state, and, in fraud of our laws, sought to obtain divorces against residents of our state, and for causes unknown to our laws, and without obtaining jurisdiction of the defendants.