BROWNELL v. SNYDER.

(Supreme Court, Appellate Division, Third Department. November 13, 1907.)

1. JUDGMENT—COLLATERAL ATTACK—SURETY ON APPEAL BOND.
    A judgment may be collaterally attacked for fraud by the surety on the bond on appeal to the court in which the judgment was rendered.

2. APPEAL—ACTION ON BOND—FRAUD—SUFFICIENCY OF EVIDENCE.
    Evidence in an action against the surety on an appeal bond *held* sufficient to show that the judgment by default on appeal was obtained by collusion of the parties to the action in which it was rendered, for the purpose of charging the surety.

3. SAME—COMPETENCY OF EVIDENCE.
    As bearing on the charge of the surety on an appeal bond that the judgment by default on appeal for a larger sum than obtained below was due to collusion of the parties to charge the surety with the full amount of the bond, it is competent to show that between the first and second trial the defendant in such action went to live with the plaintiff, having sufficient property with which to pay the original judgment, and that he turned it over to plaintiff for board thereafter furnished.

    Cochrane, J., dissenting.

Appeal from Fulton County Court.

Action by William Brownell against Charles M. Snyder. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

The action is upon a bond on appeal for $200. It was in the usual form, and the defendant, Charles M. Snyder, was the surety thereon. The plaintiff, Brownell, brought a suit in a Justice's Court for a board bill against his father-in-law, John M. Snyder. In that suit he recovered a judgment against John M. for $50 damages, besides costs. John M. then appealed to the County Court for a new trial, and on that appeal the bond in question was given. On the new trial in the County Court the jury rendered a verdict for the plaintiff for $196.79, and a judgment for that amount, besides costs, was entered. An execution was issued thereon and returned wholly unsatisfied. This action on the bond followed. The defense was that after taking the appeal from the Justice's Court, and before the new trial in the County Court, the plaintiff and John M. Snyder had conspired together to beat this defendant, Charles M. Snyder, on his undertaking, by suppressing evidence on the trial in the County Court and by disposing of property belonging to John M. Snyder sufficient to pay the execution. At the close of the evidence on the trial the plaintiff moved for a verdict upon two grounds: First, that the allegations of fraud in the answer did not constitute a defense to the cause of action set out in the complaint; and, second, that what the defendant had proved or undertaken to prove upon the trial was not sufficient. The court thereupon directed a verdict in favor of the plaintiff for $200, the amount of the undertaking, and from the judgment entered thereon the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Clark L. Jordon, for appellant.
J. Keck, for respondent.

CHESTER, J. The answer, in alleging a conspiracy between this plaintiff and John M. Snyder to suffer judgment to be obtained against said Snyder, to the end that this defendant, who was surety for said Snyder upon his undertaking on appeal, might be forced to pay the

amount of such undertaking, seems to set out a good defense to an action brought to recover such amount. The liability of this defendant upon the undertaking in question is based upon the judgment heretofore obtained against said John M. Snyder, and a judgment ordinarily cannot be questioned in a collateral proceeding. But the rule as to collateral attack is subject to the exception that fraud or collusion in obtaining the judgment may always be shown collaterally by strangers to the judgment who are injured thereby. "A stranger may collaterally impeach a judgment which stands in his way, by plea and proof of fraud in obtaining it, because this is his only means of availing himself of the fraud." Am. & Eng. Enc. of Law (2d Ed.) vol. 17, p. 849. And such has always been the rule in this state. In the case of bonds for costs, etc., it is said in an early decision (Douglass v. Howland, 24 Wend. 35, 55) that "the surety means to be concluded, always saving the right, as the law must be in every case where a suit is between third persons, to contest the proceeding on the ground of fraudulent collusion, for the purpose of charging the surety." In a later case it is held that "fraud vitiates a judgment, as well as every contract tainted with it," and such fraud may be shown collaterally by sureties. Annett v. Terry, 35 N. Y. 256, 260. "Fraud and imposition invalidate a judgment, as they do all acts, and may be alleged, whenever the party seeks to avail himself of the results of his own fraudulent conduct by setting up the judgment the fruits of his fraud." Mandeville v. Reynolds, 68 N. Y. 528, 543. "In the absence of fraud or collusion between the executor and the legatee, the decree of the surrogate is conclusive upon the sureties. It binds the principal and sureties alike, and cannot be impeached in a collateral proceeding." Scofield v. Churchill et al., 72 N. Y. 565, 570. See, also, Bridgeport Ins. Co. v. Wilson et al., 34 N. Y. 275, 281; Annett v. Terry, 35 N. Y. 256; Conner et al. v. Reeves et al., 103 N. Y. 527, 530, 9 N. E. 439; Chandler v. Thompson, 120 Fed. 940, 941, 57 C. C. A. 230. It accordingly follows that an allegation of conspiracy and collusion in obtaining the judgment in question may properly be pleaded as a defense to an action upon an appeal undertaking given to secure the payment of such fraudulent judgment.

Nor was the trial court justified in holding as matter of law the defendant had failed to make a case for the jury upon the defense of collusion. At the date of the trial between Brownell, this plaintiff, and John M. Snyder, in Justice's Court, John M. Snyder was residing with his son, the defendant, Charles M. Snyder. He contested the action, and judgment was recovered for only $50. Prior to the trial on appeal in County Court John M. Snyder left the defendant's residence and went to live with the plaintiff, Brownell. When the case came on for trial in County Court he did not appear or present any defense. His attorney appeared, but without a client. In County Court judgment was obtained for $196.79 damages, besides a large amount of costs. The declarations of this plaintiff are sworn to, from which the jury might find that he and his father-in-law had united to make defendant pay a judgment, and as large a

judgment as could be obtained. In this trial the defendant offered proof that at the time John M. Snyder went to live with the plaintiff he had sufficient property with which he could have paid the judgment in Justice's Court, but that such property had been turned over to the plaintiff by John M. Snyder, who was residing with him, for board accruing subsequent to the entry of the judgment in Justice's Court. While this evidence was rejected, it was clearly competent, as bearing upon the charge made by the defendant that the plaintiff and John M. Snyder had colluded for the purpose of charging the defendant with the full amount of this bond. I have no doubt that the evidence was sufficient to authorize the jury to find collusion.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except COCHRANE, J., who dissents.