## HALL v. HALL.

(Supreme Court, Special Term, New York County.　April 14, 1910.)

1. DIVORCE (§ 326*)—FOREIGN JUDGMENTS — JUDGMENTS OF STATE COURTS—
CONCLUSIVENESS.

In an action for the annulment of a marriage, the jurisdiction of the courts of other states to render a divorce in a proceeding brought by one of the parties to the action for annulment may be inquired into, and unless it had jurisdiction of both the parties and the subject-matter its judgment is not required to be recognized under the full faith and credit clause of the United States Constitution; and though it had the jurisdiction of the plaintiff and of the subject-matter of the action, so that it could render a judgment valid within its own territorial jurisdiction, the recognition of the judgment in other jurisdictions is a matter of comity only, and cannot be required as a matter of right.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830; Dec. Dig. § 326.*]

2. DIVORCE (§ 327*)—JUDGMENT—PRESUMPTIONS—JURISDICTION.

Where the jurisdictional facts recited in a divorce judgment obtained in another state were not disproved on the trial of an action to annul a marriage with one of the parties to the divorce proceeding, the jurisdictional facts recited in such divorce judgment will be presumed to be true.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 831–834; Dec. Dig. § 327.*]

3. DIVORCE (§ 330*)—FOREIGN DIVORCES—OPERATION AND EFFECT.

Where a marriage is solemnized in another state, and the matrimonial domicile of the parties is in that state, and the wife, being still a resident of the state, brought her action for divorce for desertion there and effected substituted service in a manner prescribed by the statutes of that state, a divorce judgment obtained fixes the matrimonial status of both parties in all jurisdictions.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 839; Dec. Dig. § 330.*]

4. DIVORCE (§ 329*)—FOREIGN JUDGMENT—FRAUD.

Defendant in an action to annul her marriage had obtained a divorce from a former husband in another state, and in her application for the divorce stated that she did not know the whereabouts of her husband, and acting under that statement the clerk of court did not mail a copy of the summons to the husband, as he was required to do by law. It appeared by the testimony of defendant in the action for annulment of her marriage that her former husband had told her where he was going and that she mailed a copy of the summons in the divorce proceeding to him at that place. Held, that the plaintiff may attack the divorce judgment for having been secured through a fraud upon the court.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 835–838; Dec. Dig. § 329.*]

5. DEATH (§ 1*)—PRESUMPTIONS—CONTINUANCE OF CONDITION. ·

Where defendant's first husband was admittedly living in the fall of 1903, it would be presumed, in an action to annul her second marriage, that he was still alive on October 5, 1908, the date of her second marriage, in the absence of any evidence to the contrary.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*]

6. MARRIAGE (§ 60*)—ANNULMENT—JURISDICTION.

Where parties to an action for the annulment of a marriage were both residents of this state at the time when the action was commenced, and

defendant appears and answers, the court has jurisdiction, although the marriage was celebrated in another state.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 127; Dec. Dig. § 60.*]

Action by George R. Hall against Frances May Williams Hall. Judgment for plaintiff.

See, also, 134 App. Div. 969, 119 N. Y. Supp. 1127.

Wylie C. Margeson (Albert Handy, of counsel), for plaintiff.
I. T. Flatto, for defendant.

GIEGERICH, J. The annulment of the marriage between the parties litigant is sought on the ground that the former husband of the defendant was living at the time of her marriage to the plaintiff, and that the earlier marriage was still in force at that time. The defendant admits the former marriage, but asserts that it was dissolved by a judgment of divorce rendered before the present marriage was contracted.

The plaintiff seeks to avoid the effect of that judgment by showing, first, that the court in Colorado which pronounced the judgment of divorce had not obtained jurisdiction of the defendant in the action in which that judgment was rendered; and, secondly, that the judgment was procured by the fraud of the plaintiff in that action, the defendant here. The judgment roll in the action for divorce in the Colorado court was put in evidence, and from the judgment rendered by that court it appears that the court found that the plaintiff in that action was then and had been for more than a year preceding the commencement of the action a resident of the state of Colorado, that the marriage between herself and her former husband, Howell Jones, had been lawfully solemnized in the state of Colorado on April 8, 1896, and that since the said marriage Jones had been guilty of deserting her and of failing to support her for a period of more than one year immediately preceding the commencement of the action, and a divorce was accordingly decreed. None of the facts thus recited in the Colorado judgment was disproved on the trial of this action, and it was further shown in this action that the matrimonial domicile of the defendant and Jones had been in the state of Colorado, where they had lived together until they separated. The service of process, however, in the action in Colorado, was made solely by publication in a newspaper in the county in which the action was brought, and the defendant in that action did not appear. It is therefore urged by the plaintiff in the present action that the judgment of divorce rendered by the Colorado court, and not supported either by personal service or by the appearance of the defendant therein, cannot be recognized by the courts of this state as having any validity outside the jurisdiction in which it was rendered.

Of course the jurisdiction of the Colorado court may be inquired into in this action, and unless it had jurisdiction of both the parties and the subject-matter of the action its judgment is not required to be recognized under the full faith and credit clause of the Constitution of the United States. Even though it have jurisdiction of the plaintiff and of the subject-matter of the action, in so far that it can render a judgment

perfectly valid within its own territorial jurisdiction, the recognition of that judgment in other jurisdictions is a matter of comity only, and such recognition cannot be required as a matter of right (Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867), and the courts of this state have refused to recognize such judgments (Winston v. Winston, 165 N. Y. 553, 59 N. E. 273, and citations; Haddock v. Haddock, supra, 201 U. S. 587, 588, 26 Sup. Ct. 525, 50 L. Ed. 867, and cases there cited). As already stated, the jurisdictional facts recited in the Colorado judgment were not disproved on the trial of this action, and they are, therefore, to be taken as true. To these facts, however, was added by testimony on the present trial the very important fact that the matrimonial domicile of the parties to the Colorado divorce was in the state of Colorado.

The established facts, therefore, are that the former marriage of the defendant was solemnized in the state of Colorado, that the matrimonial domicile of the parties thereto was in the state of Colorado, and that the husband deserted his wife and departed from that state, whereupon the wife, being then a resident of Colorado, brought her action in Colorado and effected substituted service in the manner prescribed by the statutes of that state. A judgment obtained under such circumstances in a matrimonial action fixes the matrimonial status of both the parties to the action, not only in the jurisdiction in which it was rendered, but in all jurisdictions. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; North v. North, 47 Misc. Rep. 180, 93 N. Y. Supp. 512, affirmed 111 App. Div. 921, 96 N. Y. Supp. 1138. So far as the element of jurisdiction is concerned, therefore, the judgment of the Colorado court is entitled to full faith and credit in the state of New York.

It appears, however, that in her application for substituted service the plaintiff in the divorce action stated that she did not know the whereabouts of the defendant, and that the last time she had seen him he had advised her that he was about to go to South America, and that he had not given her any more definite information with regard to his contemplated change of residence. This appears from the judgment roll in the Colorado action. Substituted service was, therefore, confined to publication of the summons in a local newspaper, and the mailing of a copy of the summons to the defendant by the clerk of the court, which was required by sections 2115 and 45 of the Colorado statutes for the year 1908, in case his whereabouts was known, was dispensed with. It appears, however, from the testimony of the defendant on the trial of the present action, that her former husband had told her that he was going to Rio Janeiro, Brazil, and she testified that she had herself mailed a copy of the summons to him at that address. It is thus evident that the affidavit upon which the order for publication was made in the Colorado action was a gross fraud upon the court and upon the defendant in that action, and the only remaining question is whether the judgment can be successfully attacked in this action for that reason.

Whether or not the judgment of a court of one of the states of the Union, having jurisdiction of the action and of the parties, may be attacked in the courts of a sister state by one of the parties to the record

merely for fraud in procuring it (Stanton v. Crosby, 9 Hun, 370; Davis v. Cornue, 151 N. Y. 172, 45 N. E. 449; State of Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239) is not a question that need be considered in this case. The attack here is sought to be made not by a party, but by a stranger to the record, and I think such course is permissible. Brownell v. Snyder, 122 App. Div. 246, 106 N. Y. Supp. 771. It may be that in the present case the defendant in the Colorado action could only attack the judgment which was rendered against him by application to the court in which that judgment was rendered, and in the action in which it was rendered. But the plaintiff in this action was not a party to the action in Colorado, and would have no standing to make such an application. He must have the right, either in Colorado or elsewhere, to question the validity of the judgment collaterally in so far as it affects his interests. He has satisfactorily established that that judgment was procured by fraud, which would require the court by which it was rendered to vacate it upon a proper application, and I think it may be pronounced void in the present action.

As the former husband of the defendant was admittedly living in the fall of 1903, he must be presumed to have been still alive at the time of the remarriage of the defendant on October 5, 1908, in the absence of any evidence to the contrary. Dietrich v. Dietrich, 128 App. Div. 564, 571, 112 N. Y. Supp. 968.

As the parties to this action were both residents of this state at the time when this action was commenced, and as the defendant has appeared and answered, there is nothing in the defendant's contention that the court is without jurisdiction of the present action. It is immaterial that the marriage sought to be annulled was celebrated in Wyoming.

The plaintiff is therefore entitled to judgment annulling the marriage between himself and the defendant as prayed for, with costs. The form of the decision and interlocutory judgment which is to be entered hereon may be presented on the usual notice of settlement.