HALL v. HALL.

(Supreme Court, Appellate Division, First Department. June 24, 1910.)

1. MARRIAGE (§ 60*)—ANNULMENT—BURDEN OF PROOF.

Under Code Civ. Proc. §§ 1743, 1745, 1753, providing that a judgment annulling a marriage shall not be rendered without proof of the facts on which the annulment is founded, etc., a husband, suing to annul a marriage on the ground that the wife had a former husband living and undivorced, has the burden of showing not only that the former husband was alive, but that a divorce relied on by the wife was void.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 131; Dec. Dig. § 60.*]

2. DIVORCE (§ 326*)—FOREIGN JUDGMENT—CONCLUSIVENESS.

A judgment of divorce, granted to a wife by a court of a sister state authorized by its laws to grant divorce on the ground relied on, must be given full faith and credit, where the court had jurisdiction not only of the subject-matter, but also of the parties whose only matrimonial domicile was in that state, and where they resided at the time the wife obtained the divorce, on the ground that the husband had without cause deserted and failed to support her for more than a year immediately preceding the commencement of the action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 827–830; Dec. Dig. § 326.*]

3. MARRIAGE (§ 61*)—ANNULMENT—JUDGMENT—PLEADINGS—ISSUES.

Where, in a suit by a husband to annul a marriage on the ground that the wife had a former husband living and undivorced, the pleadings did not raise the issue of fraud of the wife in obtaining a divorce in a sister state from the former husband, the court should not adjudicate on the issue of fraud and determine that the wife remained the wife of her former husband. ·

[Ed. Note.—For other cases, see Marriage, Dec. Dig. § 61.*]

4. MARRIAGE (§ 60*)—SUIT TO ANNUL—EVIDENCE—SUFFICIENCY.

Under Code Civ. Proc. § 1753, providing that the confession of either party to the marriage sought to be annulled is alone insufficient as proof, the admission of a wife sued by her husband to annul the marriage on the ground that she had a former husband living and undivorced may not alone afford a basis for a finding that the divorce obtained by her from her former husband was void on the ground of her fraud.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 131; Dec. Dig. § 60.*]

5. MARRIAGE (§ 60*)—SUIT TO ANNUL—EVIDENCE—SUFFICIENCY.

In a suit by a husband to annul a marriage on the ground that the wife had a former husband living and undivorced, evidence *held* not to support a finding that the wife obtaining a divorce from her former husband was guilty of perpetrating a fraud on the court or on the former husband

[Ed. Note.—For other cases, see Marriage, Cent. Dig. § 131; Dec. Dig. § 60.*]

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. JUDGMENT (§ 489*)—CONCLUSIVENESS—JURISDICTION.
     A domestic judgment may be attacked collaterally for want of jurisdiction.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 924; Dec. Dig. § 489.*]

7. JUDGMENT (§ 818*)—FOREIGN JUDGMENT—COLLATERAL ATTACK.
     ` A foreign judgment may be attacked collaterally for want of jurisdiction.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1458; Dec. § 818.*]

8. JUDGMENT (§ 509*)—CONCLUSIVENESS—FRAUD.
     A domestic judgment may be attacked collaterally for fraud perpetrated on the court or on one of the parties to the action.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 951, 952; Dec. Dig. § 509.*]

9. JUDGMENT (§ 820*)—FOREIGN JUDGMENT—COLLATERAL ATTACK.
     A foreign judgment is subject to collateral attack for fraud in its procurement.
     [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1486, 1487; Dec. Dig. § 820.*]

10. DIVORCE (§ 168*)—CONCLUSIVENESS—FRAUD.
     Since a stranger to a judgment can impeach it collaterally for fraud only when it injuriously affects him, where a man married a woman with knowledge that she had a former husband, and believed that she had obtained a divorce from him, the fact that the divorce was voidable on the ground of her fraud did not authorize him to sue to annul the marriage until after the former husband had avoided the divorce for fraud.
     [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 549, 550; Dec. Dig. § 168.*]

     Appeal from Special Term, New York County.
     Action by George R. Hall against Frances M. W. Hall. From an interlocutory judgment (122 N. Y. Supp. 401) annulling the marriage between the parties and directing the entry of a final judgment after the expiration of three months, defendant appeals. Reversed, and new trial ordered.
     See, also, 123 N. Y. Supp. 1118.
     Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

     I. T. Flatto, for appellant.
     Albert Handy, for respondent.

     LAUGHLIN, J. The plaintiff and defendant were married at the city of Cheyenne, Wyo., on the 5th day of October, 1908. The action is brought to annul the marriage on the ground that on the 8th day of April, 1896, at White River City, Colo., the defendant lawfully married one Howell Jones, who is still living, and that a decree of divorce, claimed to have been obtained by her from Jones on the 29th day of September, 1908, in the county of Jefferson, Colo., was obtained on constructive service of the summons by publication without personal service; that Jones did not appear or file an answer in the action, and judgment was taken against him by default; that said

decree of divorce was void upon the ground that the court did not obtain jurisdiction over the defendant in the action; and that therefore the marriage remains in full force and effect. The plaintiff, who claims that his marriage was void, had the burden of showing not only that Jones was alive, but that the divorce was void. Code Civ. Proc. §§ 1743, 1745, 1753; Tiffany on Domestic Relations, 44; Campbell v. Campbell, 90 Hun, 233, 35 N. Y. Supp. 280, 693; Patterson v. Gaines, 47 U. S. 550, 12 L. Ed. 553. See, also, Stokes v. Stokes, 198 N. Y. 301, 91 N. E. 793.

The answer put in issue the allegations of the complaint with respect to Jones having been alive at the time of the marriage of the plaintiff and defendant, and with respect to the validity of the defendant's divorce obtained in Colorado, and alleged that the court in Colorado obtained jurisdiction over the subject-matter of the action and over the parties thereto. The learned court at Special Term found that the decree of divorce in Colorado was duly granted by the county court of Jefferson county which obtained and had jurisdiction over the parties and the subject-matter of the action, but found that the defendant herein "practiced gross fraud upon the court of the state of Colorado * * * by stating in her verified application for an order of service by publication that she had no definite information with regard to the change of residence" of her husband, Howell Jones, "except that he was going to South America"; whereas, in truth and in fact, she had been informed by Jones that he was going to Rio Janeiro, Brazil, and that she believed him to be then residing at Rio Janeiro, and concealed such knowledge from the court. The undisputed evidence shows, not only that the defendant married Jones in the state of Colorado, but that their only matrimonial domicile was in that state, and that they were both residents of that state at the time the defendant obtained the decree of divorce on the ground that her husband had without just cause deserted and failed to support her for a period of more than one year immediately preceding the commencement of the action.

The county court of Jefferson county, Colo., was authorized to grant decrees of divorce pursuant to the laws of the state, which authorized a divorce on the ground and on the facts upon which it was obtained and on service by publication. There can be no question but that the court in Colorado had jurisdiction both over the subject-matter of the action and over the parties, and, as has been seen, the trial court herein has so found. It is our duty, therefore, to give the decree full faith and credit. Atherton v. Atherton, 181 U. S. 155, 21 Sup. Ct. 544, 45 L. Ed. 794; Harding v. Harding, 198 U. S. 317, 25 Sup. Ct. 679, 49 L. Ed. 1066; Haddock v. Haddock, 201 U. S. 562, 26 Sup. Ct. 525, 50 L. Ed. 867. The plaintiff offered no evidence tending to show that Jones was alive at the time of his marriage to the defendant. The only evidence on that subject was given by the defendant, who testified on her direct examination that:

"The last time I saw or heard of Howell Jones was in the fall of 1903, at which time he told me was going to South America, Rio Janeiro, Brazil."

She was not cross-examined on this point. No issue of fraud in obtaining the divorce was tendered by the plaintiff, nor was the complaint amended.

The learned trial justice inadvertently fell into error in attempting to adjudicate upon an issue of fraud which was not presented by the pleadings and had granted a judgment which adjudicates that the defendant is still the wife of Jones. Moreover, the evidence does not warrant a finding that the defendant perpetrated a fraud upon the court in Colorado or upon Jones. The defendant in her action in Colorado verified a formal application made in the name of her attorney and subscribed by him as a complaint under our practice, to the court for an order for service of the summons by publication in which it is stated:

"That the last time she saw the said defendant he advised her that he was about to go to South America, and that he did not give this plaintiff any more definite information than that with regard to his contemplated change of residence."

The verification of this application is that she has heard it read, "and knows the contents thereof, and that the same is true to the best of her knowledge, recollection, and belief." The defendant on the trial of this action also testified on her direct examination that she personally mailed a published copy of the summons in her action for divorce, which was given to her by her attorney in that action, to her husband, addressed, "Howell Jones, Rio Janeiro, Brazil," and on the envelope she wrote, "If not called for, return to Frances Jones, Golden, Colorado," and that it was never returned. This is the only evidence on which the finding of fraud has been predicated.

Her admissions alone could not afford a basis for a decision that her divorce was void (Code Civ. Proc. § 1753), and here there is nothing to show that, when she verified the application for an order for the service of the summons by publication, she remembered more definitely than was stated in the application what her husband informed her with reference to where he was going. Her testimony is consistent with her entire honesty in her said application to the court, and it is susceptible of, and should, in view of the fact that the question of fraud was not at issue, receive the construction that after obtaining the order for service by publication she recalled that her husband stated that he was going to Rio Janeiro, and on the advice of her attorney mailed the copy of the printed summons as published to him there. Moreover, the order for service by publication recites that the plaintiff in the action brought on the application in person and by her attorney, "and upon examination the court doth find that plaintiff has known nothing whatever as to the whereabouts of the defendant for a period of four years last past; that after diligent search she is unable to ascertain his present whereabouts; that plaintiff appears to have a meritorious cause of action; and that she has in all respects acted in good faith in these proceedings."

Section 2115 of the Revised Statutes of Colorado of 1908 required that the court or judge examine the plaintiff on the application with respect to her knowledge concerning the whereabouts of her husband. The presumption is that this duty was performed, and the reasonable

inference from the recitals in the order is to the same effect. Moreover, the recital in the order that she has known nothing as to his whereabouts for more than four years is entirely consistent with her testimony given on the trial of this action, and is also consistent with her having then informed the judge that her husband said that he was going to Rio Janeiro, which, being in South America, merely supplements her formal application with greater definiteness. But on his statement to her as she now gives it there was no presumption that Rio Janeiro was her husband's address at the time the application was made to the court nearly five years after her husband made the statement to her and it was for the court to determine whether or not a copy of the summons should be mailed to her husband. Section 2115, Rev. St. Colo. 1908. It does not appear what evidence she gave or statements she made on such examination. It may be that she testified or stated as she has testified here with respect to the information she had on the subject of her husband's whereabouts. The judge evidently was of opinion that, since she had heard nothing within four years, there was no necessity of attempting to communicate with him by mail. She may have subsequently mailed the summons for greater precaution and in the hope and expectation perhaps that her husband would appear in the action so that there might be no question with respect to the validity of the divorce. The order made by the court merely required service by publication. If a definite present post office address of the defendant had been discovered, the court would doubtless, as it was authorized, have required that a copy of the summons be mailed to the husband at such address as was provided in attachment cases when an affidavit is filed which "gives the post office address of the defendant." Sections 2115 and 45, Rev. St. Colo. 1908.

It is well settled that a judgment rendered in our own or in a sister state or in a foreign country may be attacked collaterally for want of jurisdiction, or for fraud perpetrated upon the court or upon one of the parties to the action; and Folger, J., in writing for the court in Hunt v. Hunt, 72 N. Y. 217, at page 227 (28 Am. Rep. 129), states the rule with respect to the nature of the fraud as follows:

"But the fraud in such case is made up of the same constituents as is fraud in any other case, and the same state of facts must appear which is required in other cases. There must be fraudulent allegations and representations designed and intended to mislead, with knowledge of falsity, and resulting in damaging deception."

So far as Jones is concerned, it does not appear but that he had full and timely knowledge of the pendency of the divorce action, and therefore there is not a scintilla of evidence that any fraud was perpetrated upon him, or that he was deceived, and, as already observed, there is no evidence that the court was deceived. Nor is there any evidence that any fraud with respect to the validity of the divorce was perpetrated on the plaintiff herein.

Moreover, a stranger to a judgment can only impeach a judgment collaterally for fraud when it injuriously affects him. In Brownell v. Snyder, 122 App. Div. 246, 106 N. Y. Supp. 771, relied upon by the learned Court at Special Term, the liability of a surety on an undertaking given on appeal in an action followed the affirmance of the

judgment, and of course he could resist liability on the ground of fraud and collusion resulting in the affirmance. Here the plaintiff and defendant both resided in Colorado, and they first met there. At that time plaintiff knew that defendant was married. No fraud was committed against him. He wanted to marry her, and to authorize that it was necessary that she obtain a divorce. He understood that she obtained it. The divorce may be voidable; but it is not void for her fraud, nor could she avoid it on that ground. Her former husband, if living, may avoid it for her fraud; but he has not done so. If it should be duly annulled, the plaintiff may then be in a position to maintain an action to annul his marriage to the defendant; but he has no standing to avoid it for fraud because he is not injuriously affected by it, but, on the contrary, by virtue of it he got just what he then wanted. Ruger v. Heckel et al., 21 Hun, 489, affirmed 85 N. Y. 483; Kinnier v. Kinnier, 45 N. Y. 535, 6 Am. Rep. 132.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.