454

NORMAN BEISCHER, Respondent, *v.* BESSIE BEISCHER, Appellant.*
NORMAN BEISCHER, Appellant, *v.* BESSIE BEISCHER, Respondent.

Fourth Department, June 27, 1929.

*Harold G. Conger,* for the plaintiff.

*O'Connor, Newton & Doyle* [*Thomas L. Newton* of counsel], for the defendant.

* Revg. 132 Misc. 576.

THOMPSON, J. The Special Term has granted plaintiff an annulment of his marriage with defendant upon the ground that defendant had a living husband at the time she wedded plaintiff. Defendant married a man named Rosar at Buffalo on June 1, 1918; both being residents of the State of New York. The marriage was duly consummated and the parties continued to live together in this State as husband and wife for about a year. In December, 1919, defendant was granted a decree of separation from her then husband by the Supreme Court of the State of New York. In 1921 defendant and husband Rosar became reconciled, and at once removed to the State of Ohio where they lived as husband and wife for about a month when Rosar abandoned defendant, and his whereabouts since then have been unknown. In the spring of 1922 defendant brought an action in the Court of Common Pleas in the State of Ohio for the county of Cuyahoga for a divorce from Rosar on the ground of cruelty and neglect; and a decree was granted her on March 16, 1922. On June 22, 1922, defendant and plaintiff were married at Buffalo and have since continued to reside in the State of New York. Defendant has had three children by plaintiff, only one of whom now lives.

When Rosar and defendant went to Cleveland to live and remained there a month, living together as husband and wife, they each changed their domicile from the State of New York to the State of Ohio. " In the absence of any statutory regulation of the subject, no definite period of residence or specified length of time in a particular place is required to establish a domicile, but when coupled with the element of intent, any residence, however short, will be sufficient, even if it is but for a day." (19 C. J. 403; *Dupuy* v. *Wurtz*, 53 N. Y. 556.)

The court below, among other things, has made a finding that when Rosar abandoned defendant, after living with her in the State of Ohio, he returned to the State of New York. We find no testimony to substantiate this finding. The evidence fails to establish the whereabouts of Rosar after he absconded, so that it must be held that when the Ohio divorce case was started the courts of that State had jurisdiction, the defendant therein having had a legal domicile there and not having changed it. " The rule is familiar that where the status of an individual is fixed, the law presumes a continuance of the condition until it is shown to have been changed." (*Harris* v. *Harris*, 83 App. Div. 128.)

In such case the courts of the State of New York will recognize the Ohio divorce. (*Kaufman* v. *Kaufman*, 177 App. Div. 162; *Schenker* v. *Schenker*, 181 id. 621; affd., 228 N. Y. 600; *Ball* v. *Cross*, 190 App. Div. 711; 231 N. Y. 329; *Hubbard* v. *Hubbard*, 228 id. 81.)

A quite similar case is that of *Campbell* v. *Campbell* (90 Hun, 233, decided by the General Term, Fifth Department, with opinion by Justice BRADLEY), in which the court held that the plaintiff had the burden of proving that the domicile of defendant's former spouse, in the State in which the decree was granted against him, had ceased by his acquiring one elsewhere, if he would impeach the divorce on that ground. Respondent insists that the failure of the parties to procure a modification of the decree of separation under section 1165 of the Civil Practice Act operates to prevent their acquiring a matrimonial domicile other than within the State of New York. Be that as it may, their omission to do so could not restrain or affect either of them in the changing of their individual domiciles.

The plaintiff has failed to produce facts here sufficient to entitle him to the relief which the lower court has granted him. We must, therefore, reverse the judgment and dismiss the complaint, with costs.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and THOMPSON, JJ.

In the first action: Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

In the second action: Appeal dismissed, without costs of this appeal to either party, on the ground that the order appealed from, being one entered on the foot of the judgment, becomes of no force and effect upon the reversal of the judgment, which is filed concurrently herewith.