ALFRED ARCURI, as Administrator, etc., of CARMINE ARCURI, Deceased, Appellant, v. ANTOINETTE ARCURI, Otherwise Known as ANTOINETTE VIGLIONE, Respondent, and Others, Defendants.— Order reversed on the law, with ten dollars costs and disbursements, and motion denied, without costs, with leave to answer within ten days from the entry of the order herein. It is alleged in the complaint, in effect, that defendant Antoinette Arcuri, otherwise known as Antoinette Viglione, had in fact a husband living, one Archangel Viglione, at the time that she married the decedent, Carmine Arcuri. She had instituted a proceeding under section 7-a of the Domestic Relations Law, alleging in her petition, in substance, that her husband had disappeared and his absence had been unaccounted for for more than five years, when in fact she knew that her husband was living at least three and one-half years before the proceeding was instituted and the order or judgment of annulment was obtained; and thereby she committed a fraud and imposition upon the court. The action is by the administrator of Carmine Arcuri, now deceased, to obtain certain property wrongfully held by defendant Antoinette Arcuri. The question here presented is whether the order or judgment of annulment may be attacked collaterally in this action. We think under the circumstances here disclosed that such collateral attack may be made, both on the grounds of fraud on the court, and of absence of jurisdictional facts, as it now appears, giving the court authority to render a judgment of annulment. (*Ferguson* v. *Crawford*, 70 N. Y. 253; *O'Donoghue* v. *Boies*, 159 id. 87; *Matter of Doey* v. *Howland Co.*, 224 id. 31; *Nankivel* v. *Omsk All Russian Government*, 237 id. 150; *Brownell* v. *Snyder*, 122 App. Div. 246; Freeman Judgments [5th ed.], § 331; Black Judgments [2d ed.], § 293.) Lazansky, P. J., Carswell and Davis, JJ., concur; Young and Hagarty, JJ., dissent and vote for affirmance.

MILTON E. BENNETT, Appellant, v. MAYBELLE EDNA ANNABELLE DRAKE BENNETT, Also Known as MAYBELLE MINOR DRAKE, Also Known as MAYBELLE MINOR, Also Known as MABEL ANNABELLE DRAKE, Respondent.— Judgment reversed on the law and the facts and judgment directed for the plaintiff annulling the marriage between these parties. In our opinion, the divorce decree obtained by the defendant's former husband in Indiana was void because without personal service or appearance of the defendant therein. No common-law marriage could, therefore, result from the continued cohabitation between the parties. Findings of fact and conclusions of law inconsistent with this decision are reversed and new findings will be made in accordance herewith. Lazansky, P. J., Young, Kapper, Hagarty and Davis, JJ., concur. Settle order on notice.