[Crim. No 122.  Department One.—September 2, 1896.]

## EX PARTE WILLIAM LONG ON HABEAS CORPUS.

HABEAS CORPUS—OFFICE OF WRIT—CONVICTION FOR MISDEMEANOR—VIOLATION OF ORDINANCE—ERRORS NOT REVIEWABLE.—The writ of *habeas corpus* does not extend beyond the question of jurisdiction, and the validity of the process upon its face; and when the complaint states facts constituting an offense under a municipal ordinance which the court has jurisdiction to try and punish, and the judgment is regular upon its face, the writ cannot be used as a substitute for an appeal for the review of errors in the misapplication of the law to any given state of facts, or in determining whether the evidence at the trial was sufficient to bring the case legally within the terms of the ordinance prohibiting the offense charged.

ID.—SELLING BEER WITHOUT LICENSE—CONSTRUCTION OF ORDINANCE.—The question whether an ordinance prohibiting the sale of spirituous, malt, or fermented liquors without a license, should be construed as applying only to keepers of saloons, dramshops, bars, and tippling places, and as not intended to apply to the business of selling beer by a beer-bottling company without a license, cannot be considered upon *habeas corpus* in determining whether a person convicted of a misdemeanor in selling beer without a license should be discharged from restraint.

HEARING in the Supreme Court upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

*Samuel Bell McKee*, and *Reed & Nusbaumer*, for Petitioner.

*Charles E. Snook*, and *Henry E. Melvin*, for Respondent.

Van Fleet, J.—Petitioner asks to be discharged on *habeas corpus* from restraint under a judgment convicting him of a misdemeanor in selling beer without a license, in violation of section 1 of ordinance No. 1093 of the city of Oakland, regulating the traffic in intoxicating liquors within the limits of that city.

No question is made as to the jurisdiction of the court, or the sufficiency of the complaint in charging an offense under the ordinance; nor is the judgment in any way attacked as void for any reason or defect appearing upon its face. The contention of petitioner upon which he bases his right to discharge is, in substance: That the acts proven against him to sustain the charge made did not constitute an offense within the meaning or intent of the ordinance; but that, if the ordinance must be construed so as to make the acts of petitioner an offense, then it is unreasonable, unjust, and oppressive,' and an improper restraint upon petitioner's constitutional right to pursue a lawful business. What purports to be the evidence upon which petitioner was convicted is set forth in the petition, and we are asked by petitioner to look into this evidence and determine as to its legal sufficiency to make a case under the ordinance, and, in the event we determine that it does not, to discharge petitioner for that reason.

But, obviously, in this view petitioner has wholly misconceived the functions of the writ of *habeas corpus.* The writ subserves no such purpose. Its office is in no sense that of review as upon appeal. The inquiry to be had thereunder does not extend beyond the question of jurisdiction and the validity of the process on its face. When the complaint states facts which constitute an offense which the court has jurisdiction to try and punish, and the judgment is regular upon its face, there is no authority on *habeas corpus* to look beyond these and say whether that jurisdiction has been in all respects regularly pursued. Mere error cannot be inquired into on such proceeding, and manifestly, jurisdiction to try and punish the offense being conceded, the question as

to whether the evidence at the trial was sufficient to bring the case within the ordinance, and establish a breach of its provisions was a question, the improper determination of which would constitute error only, however gross the mistake thus committed. The misapplication of the law to any given state of facts does not constitute excess of jurisdiction, but error merely, which cannot be reviewed by this means. (*Ex parte Bird*, 19 Cal. 130; *Ex parte Max*, 44 Cal. 579; *Ex parte Cohn*, 55 Cal. 193; *Ex parte Lehmkuhl*, 72 Cal. 53; *Ex parte Sternes*, 77 Cal. 156; 11 Am. St. Rep. 251.)

Whether, therefore, the ordinance when properly construed is, as contended by petitioner, a regulation aimed only at the keepers of saloons, dramshops, bars and tippling places, and was not intended to apply to the business as carried on by the Oakland Bottling Company and its employee, the petitioner, is a question which cannot arise on this proceeding. It is conceded that, as applied to saloons and the other classes of retail places enumerated, it is a competent exercise of the police power of the state, and valid, and, this being so, the record does not show any excess of jurisdiction.

Writ dismissed and petitioner remanded.

GAROUTTE, J., and HARRISON, J., concurred.