[Crim. No. 47. Third Appellate District.—May 16, 1907.]

Ex Parte HENRY HAASE, on Habeas Corpus.

HABEAS CORPUS—CONVICTION UPON PLEA OF GUILTY OF BURGLARY IN FIRST DEGREE—DETERMINATION OF DEGREE—JURISDICTION—PRESUMPTION.—Upon a petition for *habeas corpus* the attack upon a judgment of conviction in the superior court upon a plea of guilty of burglary in the first degree is collateral, and every intendment is in favor of the judgment. Though it seems that, in such case, no substantial right of the defendant would be invaded by failure of the court to determine the degree, yet the only question upon *habeas corpus* is as to the jurisdiction; and if it be supposed necessary that the court should determine the degree, it must be presumed, where the record does not affirmatively show the contrary, that the court determined the degree upon sufficient evidence notwithstanding the plea.

HEARING on writ of *habeas corpus* addressed to the warden of the state prison, holding petitioner under a judgment of conviction in the Superior Court of San Bernardino County. B. F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

R. T. McKisick, for Petitioner.

U. S. Webb, Attorney General, for Respondent.

BURNETT, J.—Petitioner asks to be discharged from the custody of the warden of the state prison on the ground that the "judgment and sentence were and are void, that said court had no authority in law to enter said judgment or to pronounce said sentence; that the same are in excess of the jurisdiction of the court and are nullities."

The return to the writ shows that petitioner is imprisoned by virtue of a commitment issued out of the superior court of the state of California in and for the county of San Bernardino in the following form: "The district attorney, with the defendant, who had heretofore waived counsel, came into court. The defendant was duly informed by the court of the nature of the information filed against him for the crime of burglary committed on the 6th day of October, 1904, of his arraignment and plea of guilty on the 8th day of October, 1904, of *burglary in the first degree.* The defendant was then asked if he had any legal cause to show why judgment should not be pronounced against him. To which he replied he had none. And no sufficient cause being shown or appearing to the court, thereupon, the court rendered its judgment: That whereas, the said Henry Haase, having been duly convicted in this court of the crime of burglary in the first degree.

"It is therefore ordered, adjudged and decreed that the said Henry Haase be punished by imprisonment in the state prison of the State of California at Folsom for the term of eight years."

It is insisted that the court had no jurisdiction to sentence the defendant because of its failure to determine the degree of the crime. In this connection petitioner cites section 1192 of the Penal Code, which provides: "Upon a plea of guilty of a crime distinguished or divided into degrees the court must, before passing sentence, determine the degree." And in response to the suggestion that the defendant by the form of his plea obviated the necessity of the court's actual determination of the degree, attention is directed to section 1017 of the same code, providing for the form of the plea as follows: "Every plea must be oral and entered upon the minutes of the court in substantially the following form: 1. If the defendant plead guilty, 'the defendant pleads that he is guilty of the offense charged.' "

The usual and proper practice undoubtedly is to charge in general terms in the information the offense of burglary with-

out specifying the entry as having been made in the day or night time. If the defendant then pleads guilty, the plea should be, in orderly sequence, "Guilty of the offense charged," to wit, burglary. The duty would then be cast upon the court to determine the degree before passing sentence. And if the court failed to determine the degree it would be prejudicial error. (*People* v. *Jefferson,* 52 Cal. 452.) But what objection could be urged against an information charging burglary in the night-time? The effect would be simply to confine the plea or the trial to the crime of burglary in the first degree. (*People* v. *Smith,* 136 Cal. 208, [68 Pac. 702].) But if the defendant were arraigned upon such an information and should plead guilty of "burglary in the first degree," and were sentenced to eight years in the penitentiary, it could not be said that the judgment was void or even voidable. In such a case the plea would be equivalent to that "of guilty of the offense charged," and it would be a substantial compliance with the requirement of the statute.

When, as in the case at bar, the information charges burglary in general terms so as to include both degrees, why should the defendant be precluded from pleading in harmony with the facts guilty of either one of said offenses if he so desires? How is any substantial right of the defendant invaded if the court accepts his confession that the crime was committed in the night-time instead of calling a witness to prove such fact? Ordinarily, the court would determine the degree by the examination of witnesses, but it would seem to be entirely unnecessary where the defendant—presumably upon sufficient information as to the nature and consequences of the offense—confesses in effect that he committed the crime in the night-time and is therefore guilty of burglary in the first degree.

But aside from the foregoing consideration it is manifest from the record before us that petitioner is not entitled to his discharge. The only question, admittedly, that we can consider upon this application, is the jurisdiction of the court below to sentence the defendant. (*Forbes* v. *Hyde,* 31 Cal. 342; *Ex parte Hollis,* 59 Cal. 405; *In re Bouner,* 151 U. S. 242, [38 L. ed. 149].) Again, the proceeding of *habeas corpus* is not a substitute for appeal. (*Ex parte Long,* 114 Cal. 159, [45 Pac. 1057]; *Kellar* v. *Davis,* 69 Neb. 494,

[95 N. W. 1028].) And in reviewing the record of a court of general jurisdiction, it must be remembered that every intendment is in favor of the judgment, and that the want of jurisdiction must affirmatively appear. This is a collateral and not a direct attack, and in order to entitle petitioner to his discharge the record must show that the judgment is a nullity.

In *Re Eichhoff*, 101 Cal. 603, [36 Pac. 11], Mr. Justice Harrison, speaking for the court, said: "More than two hundred years ago it was said in *Peacock* v. *Bell*, 1 Wm. Saund. 74, that 'The rule for jurisdiction is that nothing shall be intended to be *out of the jurisdiction of a superior court* but that which specially appears to be so; and, on the contrary, nothing shall be intended to be *within the jurisdiction of an inferior court* but that which is so expressly alleged'; and this rule has been so frequently repeated as to have become a maxim in the law. This presumption extends to everything necessary for the support of the judgment, as well those facts which are necessary to give the court jurisdiction of the defendant as those which are necessary to sustain its decision of fact or conclusion of law thereon. . . . The fact that the court has rendered a judgment implies a determination by it before it assumed to hear the controversy, that it had jurisdiction over the subject matter of the action, and of the defendant against whom the complaint was directed. . . . Its determination upon this question is to be made upon evidence of some nature; . . . *and if its conclusion is incorrect, it is merely error, which can be reviewed only upon a direct appeal.* Even though it should determine the question *without any evidence* before it, the same presumption of verity attends its decision upon this point as upon any other issue which it may determine without evidence. Nor does this presumption of its jurisdiction to make the decision depend upon the existence of any record of the decision. . . . If it makes a record of the facts giving it jurisdiction, or of its exercise of such jurisdiction, there is no occasion to invoke any presumption. It is only when the record is silent that the necessity for presumption arises." It would seem impossible to add anything to the foregoing statement of the rule.

The doctrine is announced also in the late case of *Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 674, [74 Pac. 301],

through Mr. Justice Angellotti, as follows: "Every presumption is in favor of the validity of the judgment, and any condition of facts consistent with the validity of the judgment will be presumed to have existed rather than one which will defeat the judgment. Unless the record of the judgment itself affirmatively shows that the court was without jurisdiction to render the judgment, the judgment is not void upon its face." (See, also, *In re Brown*, 32 Cal. 49.)

In the case at bar it is not required that the record shall show that the court heard evidence and determined the degree of the offense, even if we assume that under the peculiar circumstances such determination was necessary. "The only material parts of a judgment are the statement of the offense for which the defendant has been convicted, omitting therefrom all that is contained in the previous papers and therefore not necessary to be repeated, and the sentence of the court. (*In re Ruiz*, 28 Cal. 253.) Hence, here, the commitment, which is merely a certified copy of the judgment, is properly silent as to whether the court formally determined the degree or whether any evidence on the subject was received. If necessary, however, to support the judgment, it must be presumed that notwithstanding the plea of guilty of burglary of the first degree, the court heard evidence and determined that the offense was committed in the night-time and was therefore burglary of the first degree. There is no ground for the contention of petitioner that it appears affirmatively that no such proceeding was had. The affidavit of the clerk verifying the minutes of the court was received in evidence at the hearing, but it simply discloses the fact that the record is silent as to whether the court determined the question as petitioner claims it should have done before passing sentence.

We have not referred to many of the decisions cited and suggestions made by counsel, as we deem the foregoing decisive of the issue.

The writ is discharged and the petitioner is remanded.

Hart, J., and Chipman, P. J., concurred.