[S. F. No. 13838. In Bank.—June 19, 1930.]

SOFIE ANTILLA, Petitioner, v. JUSTICE'S COURT OF BIG RIVER TOWNSHIP, etc., et al., Respondents.

Charles Kasch for Petitioner.

Lilburn Gibson for Respondents.

PRESTON, J.—A proceeding in prohibition.

Admittedly the Justice's Court of Big River Township of Mendocino County proposes to try petitioner for a misdemeanor cognizable by the Justice's Court, committed in Ten Mile River Township of the same county. Petitioner by this proceeding presents the question of the jurisdiction of the court in the former township over this offense. This question in turn involves a consideration of section 1425 of the Penal Code, as amended in 1929 (Stats. 1929, p. 861).

Prior to amendment said section, in so far as applicable here, read as follows: "The justices' courts have jurisdiction of the following public offenses committed within the respective counties in which such courts are established (offenses covered here listed) . . . "

Said section now reads as follows: "The justices' courts have jurisdiction as follows: 1. In cities, cities and counties, towns and judicial townships having a population of thirty thousand or more, said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, except those of which the juvenile court is given original jurisdic-

tion.  2. In those having a population of less than thirty thousand said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment.''

The omitted language "committed within the respective counties in which such courts are established" first found its way into our statutory law in section 69 of chapter 8 on Justices' Courts, enacted in 1853 (Stats. 1853, p. 299). There for the first time the Justices' Courts were given county-wide jurisdiction over certain public offenses.  Section 90 of chapter 8 of the prior act of 1851, concerning the Justices' Courts of the state, contained the following language (Stats. 1851, p. 23): "These courts shall also have jurisdiction, except within the limits of the cities of San Francisco, Sacramento and Stockton, of the following public offenses, *committed within their respective cities or townships* (listing the offenses) . . . " This evidently remained the law until the act of 1853 above cited.

The jurisdiction of Justices' Courts was again the subject of enactment, but without change in the respect here involved, in 1863 (Stats. 1863, p. 341).  In fact, said provision evidently remained the same until the enactment of the first code in 1872, when it became section 117 of the Code of Civil Procedure, but even then the language in the respect noted remained unchanged.  Said section, however, was amended by section 9 of the act of March 24, 1874 (Amendments to the Code, 1873-74, p. 283), where the language used was as follows:

"These courts also have jurisdiction of the following public offenses committed within the respective townships or cities in which such courts are established (listing the offenses) . . . " However, by the act of March 11, 1876 (Stats. 1875-76, p. 85) this provision was changed so as to read in the same manner as it read in the act of 1853 above referred to.

Without change said section 117 became section 115 of the Code of Civil Procedure (Amendments to the Code of 1880, p. 36) and so remained until March 21, 1905, when, without change of wording, it became section 1425 of the

Penal Code (Stats. 1905, p. 705). It then so remained until the change here under consideration was made.

From the foregoing history it will be seen that specific enactments were always used to enlarge or reduce territorial jurisdiction of the Justices' Courts, but in the case before us, the enactment provides no limitation as to the extent of their jurisdiction. An examination of the legislation of 1929 on this subject shows that it was the purpose of the legislature to enlarge the jurisdiction of the Justices' Courts in criminal cases and to make a distinction between the jurisdiction in townships having a population of thirty thousand or more and townships of a lesser population, jurisdiction in the former being much more extended than in the latter. We find also that this same plan was applied to the jurisdiction of Justices' Courts in civil cases (sec. 112, Code Civ. Proc.). We also find that by section 4185a of the Political Code the legislature as a part of the same plan provided that justices of the peace in townships of the greater population should be licensed to practice law before the Supreme Court of this state.

We are thus brought face to face with the question as to what shall be the territorial extent of the jurisdiction of the Justices' Courts where the statute is silent on the subject.

We are referred by respondents to section 777 of the Penal Code, where we find this language: " . . . and except as herein otherwise provided, the jurisdiction of every public offense is in the county wherein it is committed . . . " This proviso was added to the code in 1905 (Stats. 1905, p. 692) and as to its object the code commissioner said: "The amendment declares that the jurisdiction of any public offense not otherwise specially provided for is within the county where it was committed. Although this has always been understood to be the law, the code contained no express declaration upon the subject." As we interpret this section, it only provides that the trial of a public offense must be somewhere within the county, without naming the location therein of offenses within the jurisdiction of the Justices' Courts.

We are also directed by respondents to the provisions of section 1462 of the Penal Code relating to the Municipal Courts, where this language is found: " . . . and shall

have jurisdiction concurrent with that of justices' ·courts in all criminal cases amounting to misdemeanor, where the offense charged was committed within the county in which such municipal court is established, but outside any city. . . . '' But this is a declaration of the jurisdiction of the Municipal Courts and is not a substantive declaration as to what is or what is not the territorial jurisdiction of the Justices' Courts.

The question seems to us to be practically reduced to one of presumption. Shall we say that the language used to confer county-wide jurisdiction since the foundation of the state has at all times been superfluous?—which is another way of saying that in the absence of a contrary provision the Justices' Courts have always had jurisdiction throughout the county of their location. It was not without difficulty that we reached the conclusion as to the county-wide jurisdiction in the matter of Municipal Courts where the statute expressly provided for the power. (*In re Luna,* 201 Cal. 405 [257 Pac. 76].) A contrary conclusion had theretofore been reached in the District Court of Appeal (*People* v. *Denault,* 81 Cal. App. 1 [253 Pac. 151].) But we are taught that as to the jurisdiction and judgments of this ·inferior court no presumptions of validity or regularity are to be indulged, but that we should presume the absence of jurisdiction. ''The jurisdiction of justices' courts being special and limited, the law presumes nothing in favor of their jurisdiction; and a party who asserts a right under a judgment rendered in such court, must show affirmatively every fact necessary to confer such jurisdiction.'' (*Rowley* v. *Howard,* 23 Cal. 401.) *Kane* v. *Desmond,* 63 Cal. 464; *Eltzroth* v. *Ryan,* 89 Cal. 135 [26 Pac. 647]; *Jones* v. *Justice's Court,* 97 Cal. 523 [32 Pac. 575]; *Estate of Sharon,* 179 Cal. 447, 457 [177 Pac. 283],where numerous cases are collated.

We feel that it is not within our province to supply by construction legislation either intentionally or unintentionally omitted. It may well have been that the legislature intended by its enlargement and distribution of the jurisdiction of Justices' Courts in criminal cases to require a cause to be tried in the township wherein the offense was committed. It may also have been thought necessary to do this to prevent confusion in view of the divided jurisdiction

provided by the other amendments to said section. For example, under the construction contended for by respondents, in a county having one township of the larger population and five of the lesser population, the Justice's Court of the former would, under well-settled holdings of the court, have exclusive jurisdiction of every offense of the higher type committed in any part of the county and concurrent jurisdiction, with the other Justices' Courts, of all the lesser offenses as well (*Green* v. *Superior Court,* 78 Cal. 556 [21 Pac. 307, 541] ; *Application of Westenberg,* 167 Cal. 309, 316 [179 Pac. 674] ; *In re Luna, supra*). This result may not have been intended by the legislature.

The effect of its action must, therefore, be held to have been to confine the jurisdiction of the Justices' Courts in criminal causes to the township wherein the offense was committed. It follows that the Justice's Court in Big River Township is without jurisdiction of this cause. Let the writ issue as prayed.

Richards, J., Shenk, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.