[Crim. No. 1970. Second Appellate District, Division Two.—July 21, 1930.]

In the Matter of the Application of DAN COHEN for a Writ of Habeas Corpus.

Ames Peterson and George L. Reimbold for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

GATES, J., *pro tem.*—This is an application for a writ of *habeas corpus*. Petitioner was accused by complaint filed in the Justice's Court of El Monte Township, Los Angeles County, of having sold intoxicating liquor in the city of Beverly Hills, situated in the same county, during the month of February, 1930, in violation of the Wright Act (Stats. 1921, p. 79). Over the objection of petitioner he was tried for the offense in the Justice's Court of El Monte Township, where he was convicted and sentenced to pay a fine of $1,000 and for failure to make payment of the fine to suffer imprisonment in the county jail at the rate of one day for every dollar not paid, not to exceed 180 days. Thereafter petitioner appealed to the appellate department of the Superior Court of Los Angeles County, which court affirmed his conviction. It is admitted that the crime was committed in the city of Beverly Hills and not within the township of El Monte.

Petitioner's contention that under section 1425 of the Penal Code, as amended in 1929 (Stats. 1929, p. 861), the Justice's Court of El Monte Township has no jurisdiction to try him for a crime committed in Beverly Hills must be sustained. Our Supreme Court, in the recent case of *Antilla* v. *Justice's Court of Big River Township, etc.,* 209 Cal. 621 [290 Pac. 43], has determined that the jurisdiction of justices' courts in criminal causes is now confined to the township wherein the offense was committed.

Respondent maintains that petitioner, by taking an appeal to the superior court, has waived his right to be released upon a writ of *habeas corpus*. In the instant case it does not appear whether the petitioner raised the question of jurisdiction in his appeal to the superior court. Assuming that such question was raised on the appeal, we are

nevertheless of the opinion that petitioner is not now precluded from here raising it. The Justice's Court of El Monte Township at no time had jurisdiction of the offense. The act or pronouncement of that court was not legally efficacious for any purpose. Its act was a nullity; its judgment was void. ▇ It is well settled that "a judgment, whether of a superior or inferior court, may be collaterally attacked for lack of jurisdiction either of the subject matter or of the person, or both, since any judgment of any court is absolutely void if want of jurisdiction in either respect appears." (15 Cal. Jur. 52; *Estate of Pusey,* 180 Cal. 368, 374 [181 Pac. 648].) ▇ As a general rule it is true that when a judgment is affirmed by an appellate tribunal all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant. (*People* v. *Superior Court,* 234 Ill. 186 [14 Ann. Cas. 753, 84 N. E. 875], quoted with approval in *France* v. *Superior Court,* 201 Cal. 122 [52 A. L. R. 869, 255 Pac. 815].) And likewise it is well settled as a general proposition that the finding of a court of appeal is conclusive of the legality of the detention or restraint and cannot be reversed by a subsequent writ of *habeas corpus.* (*People* v. *Superior Court, supra.*) But this rule is subject to the clearly defined exception that an affirmance of a judgment, void for want of jurisdiction, does not change its character and release may thereafter be obtained on the ground of want of jurisdiction. (*McDonald* v. *Smith,* 68 Fla. 77, 78 [66 South. 430]; *Daniels* v. *Towers,* 79 Ga. 785 [7 S. E. 120].) There is nothing in *France* v. *Superior Court, supra,* cited by respondent, that sustains its contention.

Petitioner is discharged from custody.

Works, P. J., and Craig, J., concurred.