[Crim. No. 206. Fourth Appellate District.—February 16, 1931.]

In the Matter of the Application of D. N. BRIDWELL for a Writ of Habeas Corpus.

John F. Groene for Petitioner.

No appearance for Respondent.

BARNARD, P. J.—This is an application for a writ of *habeas corpus.* The petitioner was tried in the justice's court of Santa Ana township, county of Orange, upon a complaint charging him with failure to support his minor children, a misdemeanor; the complaint charging that this offense was committed within the county of Orange, state of California. He was found guilty and sentenced to imprisonment in the county jail for the term of one year. It fully appears that the petitioner and his said minor children were not residents of Santa Ana township, but that

they were, and for more than five years had been, residents of the township of La Brea, in the county of Orange. Petitioner attacks the jurisdiction of the justice's court of Santa Ana township over the offense charged. ▮ This township has a population in excess of thirty thousand, and the question presented is whether or not a justice's court in such a township has county-wide jurisdiction over such a misdemeanor.

While section 1425 of the Penal Code formerly gave to justices' courts jurisdiction over offenses committed within the respective counties in which such courts are established, this section was amended in 1929 (Stats. 1929, p. 861), and now reads as follows:

"The justices' courts have jurisdiction as follows:

"1. In cities, cities and counties, towns and judicial townships, having a population of thirty thousand or more, said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, except those of which the juvenile court is given original jurisdiction.

"2. In those having a population of less than thirty thousand said courts shall have jurisdiction in all criminal cases amounting to misdemeanor only, punishable by fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

We think the question before us has been practically decided in the case of *Antilla* v. *Justice's Court of Big Bear River, etc.*, 209 Cal. 621 [290 Pac. 43, 45], in which it was held that the jurisdiction of justices' courts in criminal cases is confined to the township wherein the offense was committed. While that case involved the jurisdiction of a justice court in a township which actually had a population of less than thirty thousand, over an offense committed in another similar township in the same county, the court does not rest its decision upon that fact. In that case the court used the following illustration: "For example, under the construction contended for by respondents, in a county having one township of the larger population and five of the lesser population, the justice's court of the former would, under well-settled holding of the court, have exclusive jurisdiction of every offense of the higher type committed in any part of the county and concurrent juris-

diction, with the other justices' courts, of all the lesser offenses as well (*Green* v. *Superior Court,* 78 Cal. 556 [21 Pac. 307, 541]; *Application of Westenberg,* 167 Cal. 309, 316 [139 Pac. 674]; *In re Luna* [201 Cal. 405, 257 Pac. 76], *supra*). This result may not have been intended by the legislature.''

Not only do the inference from this illustration, and the fact that the decision is not expressly limited to the jurisdiction of a justice court in a township of the lesser population, support the contention of petitioner here, but the principles and reasoning set forth in that case would seem to apply as well to the jurisdiction of justice courts in townships of the larger population. The former county-wide jurisdiction of justice courts having been withdrawn, by the amendment of section 1425, such jurisdiction is no more to be presumed for the one class of such courts than for the other.

We conclude that under section 1425 of the Penal Code, as now existing, while a justice's court in a township having a population of thirty thousand or more has an enlarged jurisdiction in certain respects, the territorial limits of its jurisdiction are the same as those of a justice's court in a smaller township, and that its jurisdiction in criminal cases is therefore confined to offenses committed within the township in which it is situated. The justice's court of Santa Ana township, under whose process this petitioner is held, had no jurisdiction over the offense involved, since it is not situated in the township in which the offense was committed. (See, also, *In re Cohen,* 107 Cal. App. 288 [290 Pac. 512].)

The writ is granted and the petitioner is discharged from custody.

Jennings, J., concurred.