[Crim. No. 49. Fourth Appellate District.—June 2, 1931.]

In the Matter of the Application of ED WYATT for a Writ of Habeas Corpus.

558

McFadden & Holden and S. F. Gallagher for Petitioner.

Sam L. Collins, District Attorney, and Leo Friis, Deputy District Attorney, for Respondent.

JENNINGS, J.—Petitioner was charged with the crime of unlawful possession of intoxicating liquor. He was duly arraigned in the Justice's Court of Fullerton township, Orange County, California, and entered a plea of not guilty of the charge. He was thereafter tried before a jury in said justice's court and found guilty. During the trial of the case three witnesses testified that the intoxicating liquor was found upon the premises of petitioner, which were located within the boundaries of Fullerton township. Petitioner presented no evidence contradicting this testimony. Following the verdict of conviction, time was set for pronouncing judgment. Prior to the pronouncement of judgment evidence was presented to the court showing that the situs of the alleged offense was in fact without the boundaries of Fullerton township. Petitioner was sentenced by the justice of the peace who presided at the trial and thereupon applied to the Superior Court of Orange County for a writ of *habeas corpus.* His attempt to secure his release from custody was unsuccessful, the superior court holding that the writ of *habeas corpus* could not be used for the purpose of collaterally attacking the judgment of the justice's court and that the superior court could not go beyond the record of the justice's court for the purpose of determining whether or not the trial court had jurisdiction of the offense. For the purposes of this hearing it is stipulated that if this court in a *habeas corpus* proceeding is not bound by the record, findings and judgment of the Justice of the Peace of Fullerton township, and if evidence outside the record may be considered by this court for the purpose of determining whether or not the justice's court had jurisdiction of the offense for whose commission he was tried and convicted, it is then conceded that the offense charged, if any crime was committed, was committed in Brea township.

That the criminal jurisdiction of a justice's court is limited to the trial of such offenses as are committed within the boundaries of the township wherein it sits is clearly established by the decisions (*Antilla* v. *Justice's Court of Big River Township,* 209 Cal. 621 [290 Pac. 43]; *In re Bridwell,*

112 Cal. App. 19 [296 Pac. 312]; *In re Cohen,* 107 Cal. App. 288 [298 Pac. 512]).

The following problem is then here presented: Is an appellate court foreclosed from going beyond the record of a justice's court when it is conceded that evidence *dehors* the record will conclusively show that the offense charged is one over which the justice's court had no jurisdiction. The mere statement of the question seems to carry its answer. ▮ Jurisdiction is fundamental. It is the primary question for determination by a court in any case for jurisdiction is the power to hear and determine (7 Cal. Jur., p. 584; *Lange* v. *Superior Court,* 11 Cal. App. 1 [103 Pac. 908]; *In re Hatch,* 9 Cal. App. 333 [9 Pac. 333]). If a judgment is rendered by a court which did not have jurisdiction to hear a cause, such judgment is void *ab initio* (7 Cal. Jur., p. 585; *Sullivan* v. *Gage,* 145 Cal. 759 [79 Pac. 537]; *Pioneer Land Co.* v. *Maddux,* 109 Cal. 633 [50 Am. St. Rep. 67, 42 Pac. 295]). ▮ Even though a void judgment is affirmed on appeal, it is not thereby rendered valid (*Pioneer Land Co.* v. *Maddux, supra*). "A judgment absolutely void upon its face may be attacked anywhere directly or collaterally, whenever it presents itself, either by parties or strangers." (*Forbes* v. *Hyde,* 31 Cal. 342, 347. See, also, *Estate of Johnson,* 198 Cal. 469, 472 [245 Pac. 1089], and *Estate of Pusey,* 180 Cal. 368, 374 [181 Pac. 648].) ▮ A justice's court is an inferior court and no presumption of jurisdiction attaches to the judgments of such a tribunal (*Forbes* v. *Hyde, supra*).

But it is here contended in opposition to petitioner's application that not only does the judgment appear regular and proper on its face, but also that an examination of the statement of the case shows that so far as the question of territorial jurisdiction is concerned, the only evidence respecting the situs of the offense was to the effect that the premises of applicant where the liquor was discovered were within the boundaries of Fullerton township. If then this court is not permitted to go beyond the record of the justice's court the fact that the situs of the offense was without the boundaries of Fullerton township will not avail anything to petitioner and his application must be denied. In opposition to the application much reliance is placed upon the decision in *Ex parte Noble,* 96 Cal. 362 [31 Pac. 224]. In

this case the petitioner for discharge from custody upon a writ of *habeas corpus,* had been convicted in a justice's court of the offense of maintaining a place where intoxicating liquors were sold in violation of a county ordinance. On appeal to the superior court the judgment was affirmed. On the hearing of the application for discharge upon the writ, it was urged that the application should be granted because the sheriff's return to the writ failed to show that the ordinance had been properly passed and published. The Supreme Court decided that the sheriff was only required to return the commitment which was a copy of the judgment and stated that the passage and publication of the ordinance and the matter of proof of publication were all questions of fact to be passed upon by the trial court and that if error were committed by the trial court, petitioner had a proper remedy by appeal and that the writ of *habeas corpus* was not intended to be used for the purpose of retrying issues of fact or of reviewing errors. The Supreme Court then used the following language: "But apart from that consideration, a justice's court has power to pass upon and conclusively determine facts upon which its jurisdiction in part depends." This statement is obviously and admittedly *dictum.* Nevertheless, we are of the opinion that the situation here presented is distinguishable and that the rule announced in the quoted language does not here apply. The record of the trial herein presented in the form of a statement of the case as amended by counsel for respondent shows that during the trial three witnesses testified that the acts constituting the crime were committed in Fullerton township, Orange County, California. This was manifestly a conclusion. The record before us fails to show that the witnesses described the location of the alleged offense other than that the acts constituting the offense were committed within the boundaries of Fullerton township. But prior to the pronouncement of judgment, the record shows that evidence of a different character was introduced when the records of the city clerk of Fullerton were displayed to the justice of the peace and a map showing the boundaries of Fullerton township was exhibited and a witness who had testified during the trial that the offense was committed in Fullerton township pointed out on the map the location of the premises which were shown on said map to be without

the boundaries of Fullerton township.     The *dictum* in *Ex parte Noble, supra,* to the effect that a justice's court has power to determine conclusively facts upon which its jurisdiction in part depends should at least be strictly limited and strictly construed and if it is to be held that the justice's court has the power to determine conclusively and finally jurisdictional facts then it should appear that its determination was in reality a determination of facts and not a determination based, in the final analysis, upon mere conclusions. The case of *Roberts* v. *Police Court,* 185 Cal. 65 [195 Pac. 1053], is also relied upon by respondent. It was a proceeding in *certiorari* instituted in a District Court of Appeal to review the order of a superior court affirming the judgment of a police court. The writ was issued in the appellate court and after hearing, judgment was given vacating the order of the superior court. Respondents thereupon applied to the Supreme Court, which vacated the judgment of the appellate court. The petitioner was charged in the police court with the commission of an offense triable in that court. He was tried, convicted, and judgment of imprisonment was pronounced by the police court. He then appealed to the superior court, which made its order affirming the judgment of the police court. The proceeding in *certiorari* in the appellate court followed. It was contended by the petitioner that the judgment of the police court was in excess of the jurisdiction of that court because it was said the evidence was insufficient to establish guilt. This contention was rejected by the Supreme Court which pointed out that there was no lack of jurisdiction to convict the defendant in the police court since that court was invested with jurisdiction to determine the question of guilt or innocence of one charged with a public offense and its determination, while it might be erroneous, was not void for want of power in the court to render the decision and it was pointed out that a claim that the evidence produced in the police court was insufficient to show guilt of the offense charged does not go to the jurisdiction. This was the decision in the case. The Supreme Court then discussed the declaration that an exception to the rule that sufficiency of evidence will not be reviewed is made when the question is whether jurisdictional facts were or were not proved and made use of the language quoted in respondent's brief to the effect

that the exception has no application to a tribunal invested with jurisdiction to try and determine a fact in issue, with reference to proof of that fact, since in such a case, that fact is not a jurisdictional fact but a fact to be determined by the court having jurisdiction to determine it and its determination by the court is not void however defective the evidence upon which it is based. The language of the court in this regard may fairly be said to give to respondent's contention the support of respectable authority. Nevertheless it must be remembered that it is, first, *dictum* and, second, that it was used with reference to the problem before the court, viz., a claim by the petitioner that the evidence presented to the police court was insufficient to warrant his conviction of the offense charged. The problem presented in the instant case does not at all relate to the sufficiency of the evidence upon which he suffered conviction. For all that appears, it was amply sufficient. The question is more fundamental. It relates solely to the matter of the territorial jurisdiction of an inferior court whose jurisdiction in criminal cases is by legislative enactment restricted to the trial of such offenses as are committed within the boundaries of a limited district. It is conceded that the offense with whose commission petitioner herein was convicted was committed in a township other than Fullerton township. In other words, it is conceded that, as a matter of fact the Justice's Court of Fullerton township had no jurisdiction of the offense. Yet, it is argued that because the court determined that it had jurisdiction by reason of the introduction of evidence which was admittedly incorrect, this determination is conclusive. To sustain this proposition would do violence to the fundamental principles upon which the whole doctrine of jurisdiction depends. If jurisdiction means the power to hear and determine and it is admitted that a tribunal of limited jurisdiction in fact possessed no such power in a given case and that any judgment rendered by such tribunal is entirely void *ab initio,* it would then seem to follow that the court's determination that it had the power to hear and determine the case based on an erroneous conclusion could not have the effect of curing the fatal defect. The state of facts in *In re Cohen,* 107 Cal. App. 288 [290 Pac. 512], bears a striking similarity to the situation herein presented. In *In re Cohen,*

*supra,* the petitioner applying for release from custody by means of a writ of *habeas corpus,* was accused in the Justice's Court of El Monte township, county of Los Angeles, of the offense of selling intoxicating liquor in the city of Beverly Hills in the same county. Over petitioner's objection, he was tried for the offense in the Justice's Court of El Monte township, where he was convicted and sentenced to pay a fine of $1,000. Petitioner thereupon appealed to the appellate department of the Superior Court of Los Angeles County, which court affirmed the judgment of the lower court. It was admitted that the offense was committed outside the boundaries of El Monte township. He thereupon presented his application for release from custody by means of the writ of *habeas corpus,* which was granted, the appellate court holding that the justice's court at no time had jurisdiction of the offense and that its judgment of conviction was therefore void and subject to collateral attack. Since it appears from the reported decision that the petitioner objected to being tried in the Justice's Court of El Monte township, it may be assumed that the matter of lack of jurisdiction was presented to the court and determined unfavorably to petitioner's contention. The identical problem which is here presented was then evidently before the court and decided adversely to the contention of respondent herein.

The application is granted and it is ordered that petitioner be discharged from custody.

Barnard, P. J., and Marks, J., concurred.