[Crim. No. 185.  Fourth Appellate District.—July 2, 1935.]

## In the Matter of the Application of LOUIS JACINTO for a Writ of Habeas Corpus.

Thomas F. Lopez and G. L. Aynesworth for Petitioner.

Whitehurst & Logan and Hawkins & Hawkins, as *Amici Curiae* on Behalf of Petitioner.

Roger R. Walch, District Attorney, for Respondent.

MARKS, J.—In his petition for a writ of *habeas corpus* Louis Jacinto seeks to be released from restraint under a warrant of arrest issued by the justice of the peace of Hanford Township on an offense alleged to have been committed in

Lemoore Township in Kings County. The justice's courts of both townships are Class B.

■ The purpose of a writ of *habeas corpus* is to test the validity of the process upon which a person is restrained and the jurisdiction of the court issuing such process. (*Ex parte Long*, 114 Cal. 159 [45 Pac. 1057].)

■ Section 1425 of the Penal Code as now in effect confines the jurisdiction of Class B "Justice's Courts in criminal causes to the township wherein the offense was committed." (*Antilla* v. *Justice's Court*, 209 Cal. 621 [290 Pac. 43]. See, also, *In re Cohen*, 107 Cal. App. 288 [290 Pac. 512]; *In re Bridwell*, 112 Cal. App. 19 [296 Pac. 312]; *In re Giruado*, 114 Cal. App. 348 [299 Pac. 740]; *In re Wyatt*, 114 Cal. App. 557 [300 Pac. 132]; *Fueller* v. *Justice's Court*, 134 Cal. App. 305 [25 Pac. (2d) 248].) It follows that as the justice's court of Hanford Township was a Class B justice's court and the crime had been committed in another township, the justice's court of Hanford Township had no jurisdiction and petitioner should be discharged.

The question of the territorial jurisdiction of the justice's court of Hanford Township is not raised in the briefs of counsel or of *amici curiae*. It is desired that we pass on the constitutionality of certain sections of the Agricultural Code and of an ordinance of Kings County having for its purpose the eradication of bovine tuberculosis in that county. As petitioner must be released from custody because of lack of jurisdiction of the justice's court of Hanford Township over the offense charged in the complaint it is apparent that it is unnecessary if not improper for us to consider the constitutional questions raised in the briefs.

Petitioner is discharged from custody and his bail is exonerated.

Barnard, P. J., and Harden, J., *pro tem.*, concurred.