[Civ. No. 16214.   Second Dist., Div. Two.   June 10, 1948.]

MARGARET EVELYN MUMMA, Appellant, v. ELLIS HAIN MUMMA, Respondent.

Maurice Rose for Appellant.

Louis Miller for Respondent.

WILSON, J.—This is an action to recover damages for fraud and to set aside the interlocutory decree of divorce obtained by plaintiff against defendant. A demurrer to the complaint was sustained without leave to amend. Judgment for defendant was entered from which plaintiff appeals.

The pleaded facts in plaintiff's first cause of action are: That in reliance on the fraudulent representations of defendant to plaintiff that there was no existing legal impediment to his entering into a valid marriage with her, plaintiff, on August 22, 1934, in the city of Los Angeles, entered into a ceremonial form of marriage with him, and in the belief that she was his lawful wife lived with him in Los Angeles for a period of over 11 years until about October, 1945, gave him her cash earnings in itemized amounts and the benefit of her work, labor and services of specified values, and helped him to accumulate large sums which defendant kept in his own name; that prior to 1934, in Harrisburg, Pennsylvania, defendant had lawfully married one Rebecca Olewine; that he subsequently deserted her and, although neither defendant nor his wife has ever been a resident of Nevada, instituted an action for divorce in that state; that in his action for divorce he filed an affidavit falsely alleging that the last known address of his wife was 4710 Baum Boulevard, Pittsburgh, Pennsylvania, but that she had removed from that address and that her then residence was in Pittsburgh at some address unknown to him; that defendant well knew that at all times during the pendency of the action his wife resided on Briggs Street in Harrisburg, Pennsylvania; that upon such false affidavit defendant procured an order for the service of process upon his wife by publication of summons in a Reno newspaper; that defendant, by means of the fraud perpetrated upon his wife and upon the court, procured a divorce upon the default and without the knowledge of his wife; that defendant's wife is still living and upon her discovery of the decree of divorce in Nevada denied its validity and insists upon the subsisting validity of her marriage to defendant.

Plaintiff brought an action for divorce against defendant in the Superior Court of Los Angeles County on October 26, 1945, and an interlocutory decree was made and entered April 1, 1946, in favor of plaintiff. In her second cause of action in the instant case plaintiff seeks to have this decree vacated upon the ground that at the time she brought her action for divorce she was still deceived as to the validity of her marriage to defendant and unwittingly asked for its dissolution; that by defendant's deception she was made his innocent tool to impose upon the court his fraudulent representation that plaintiff's marriage to him was valid and the subject of dissolution; that it was not until on or before March 14, 1947, that plaintiff discovered the facts relative to the validity of her marriage to defendant.

Plaintiff's first cause of action is for damages for fraud and is based upon defendant's alleged fraudulent representation that there was no legal impediment to his entering into a valid marriage with her. This cause of action depends upon her ability to attack collaterally the decree of divorce granted to defendant by the Nevada court against his first wife. This plaintiff seeks to do upon the ground that because of defendant's fraud upon the Nevada court it had no jurisdiction of the defendant in that action or of the matrimonial *res*.

It has been held that a stranger to a foreign divorce decree can impeach it collaterally for fraud only when it injuriously affects him. Within this rule it has also been held that one who subsequently marries one of the divorced parties has no such interest as will enable him to attack the decree. (*Margulies* v. *Margulies*, 109 N.J.Eq. 391 [157 A. 676, 677]; *Kinnier* v. *Kinnier*, 45 N.Y. 535 [6 Am.Rep. 132]; *Hall* v. *Hall*, 139 App.Div. 120 [123 N.Y.S. 1056, 1061]; 19 C.J. p. 378.)

The jurisdictional grounds upon which a foreign divorce decree is subject to collateral attack in this state are recited in *Cardinale* v. *Cardinale*, 8 Cal.2d 762, 766 [68 P.2d 351], in which the court states: ''. . . a foreign divorce decree is subject to collateral attack upon three recognized jurisdictional grounds, i. e. (1) that it was procured upon a fraudulent domicile or residence; (2) that the laws of the state granting the decree were not complied with, and (3) that the spouse who was domiciled in the foreign state, which was not the matrimonial domicile, and who procured the divorce, was the

wrongdoer, whereas the other spouse, a citizen of this state who was neither personally served nor appeared in the foreign action was the innocent party. If any one of these jurisdictional defects is established as a matter of fact, the foreign decree will not be recognized as valid in this state. However, the foreign decree, regular on its face, is entitled to a presumption of validity, and the burden is upon the party attacking it. (*Delanoy* v. *Delanoy*, 216 Cal. 27 [13 P.2d 719, 86 A.L.R. 1321].)'' (See also *Plante* v. *Plante*, 54 Cal.App.2d 318, 324 [128 P.2d 787].)

In the absence of some ground of estoppel parties and their privies may collaterally impeach a judgment void on its face for lack of jurisdiction, but strangers to the record may attack a void judgment only when, if the judgment were given full effect, some right in them would be affected by its enforcement. (*Mitchell* v. *Automobile etc. Underwriters*, 19 Cal.2d 1, 7 [118 P.2d 815, 137 A.L.R. 923].)

It is always open to the person against whom a judgment of a court of record of another state is attempted to be used in this state to show by evidence other than the record of the judgment, and even by evidence opposed to recitals contained in such record, that the court purporting to give the judgment was without jurisdiction either of the cause or of the parties. (*Estate of Hancock*, 156 Cal. 804, 807 [106 P. 58, 134 Am.St. Rep. 177].)

*Estate of Pusey*, 180 Cal. 368 [181 P. 648], cited by appellant, is not applicable to the facts in the present case. That case involved a will contest. The probate of the will of a testatrix was contested by one claiming to be her surviving husband upon the ground that the instrument was executed prior to their marriage and was thereby revoked. The contest was opposed by the proponents of the will who asserted that there was no valid marriage between the testatrix and the contestant because he had never been validly divorced from his former wife. It was contended that the divorce decree in question was void for want of jurisdiction over the defendant because the affidavit for the publication of summons was insufficient. *Estate of Davis*, 38 Cal.App.2d 579 [101 P.2d 761, 102 P.2d 545], is likewise inapplicable. That action was to determine heirship and the heir, being in privity with the ancestor, was held to be bound by an estoppel which was binding upon the ancestor. (P. 586.)

Neither *In re Cohen,* 107 Cal.App. 288 [290 P. 512], nor *Kegley* v. *Kegley,* 16 Cal.App.2d 216 [60 P.2d 482], cited by appellant, is applicable. The former is a criminal case in which the judgment of the justice's court is attacked by the defendant upon a writ of habeas corpus on the ground of lack of jurisdiction. The latter case is one in which a "mail order" divorce is attacked by one of the parties, this state being the matrimonial domicile.

In the present case the Nevada decree is valid upon its face. Plaintiff alleges that it is void because it was procured by fraud. The only one who can complain of the defendant's alleged fraud is the one who was injured thereby, his first wife, and she has not seen fit to do so. Plaintiff is a stranger to that decree; she had no rights which were affected by it and she has herself obtained an interlocutory decree of divorce from defendant in which the validity of her marriage was adjudicated. It is true that a foreign judgment may be attacked upon the ground that the foreign court had no jurisdiction and if a spouse domiciled in this state can show that the foreign decree was obtained on false testimony amounting to fraud on the foreign court, the decree will not be recognized. (*Delanoy* v. *Delanoy,* 216 Cal. 27, 34, 37 [13 P.2d 719, 86 A.L.R. 1321].) This case does not fall within any of the jurisdictional grounds upon which a foreign divorce decree is subject to collateral attack as set forth in the Cardinale case. Other than upon those grounds we know of no cases holding that a foreign decree, valid on its face, may be collaterally attacked for fraud by a stranger to the decree who had no rights which were prejudiced at the time the decree was made.

Thus, even without considering the fact that plaintiff obtained an interlocutory judgment of divorce against defendant which adjudicated the validity of the marriage, plaintiff, being a stranger to the Nevada decree, and having no pre-existing rights which would be prejudiced, cannot collaterally attack the judgment which was rendered against a nonresident.

Plaintiff's second cause of action is to vacate the interlocutory decree rendered by the Superior Court of the County of Los Angeles, in her divorce action against defendant, upon the ground that there was no valid marriage between the parties to be dissolved. This cause of action, also, is based upon the allegation that since defendant's divorce from his first wife was obtained through fraud, the judgment was void

and therefore there was no valid marriage between plaintiff and defendant.

A court of equity will set aside or annul a judgment for fraud only where the fraud is extrinsic or collateral to the matter tried by the court, and will not grant relief for fraud involved in the merits of the action or in any matter on which the decree was rendered. A pleading based upon such intrinsic matter does not state a cause of action (*Eisenmayer* v. *Thompson*, 186 Cal. 538, 542 [199 P. 798].)

There is no merit in plaintiff's contention that in the divorce action of plaintiff against defendant the matter of their marriage was adjudicated only in theory. The validity of the marriage was one of the issues raised by the complaint and decided by the court. The fraud, if any, which plaintiff alleges she was deceived by defendant into perpetrating upon the court was not collateral to the proceedings but related to the question of the validity of the marriage which was an issue in these proceedings. If there was fraud it was intrinsic and not extrinsic and comes squarely within the rule of *United States* v. *Throckmorton*, 98 U.S. 61 [25 L.Ed. 93], and *Pico* v. *Cohn*, 91 Cal 129 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied June 29, 1948, and opinion was modified to read as above. Appellant's petition for a hearing by the Supreme Court was denied August 5, 1948.