GENARO COLÓN ALLENDE, Petitioner and Appellant, v. JAMES
M. JONES, WARDEN, Respondent and Appellee.

No. 10596.   Argued January 2, 1952.—Decided January 4, 1952.

Genaro Colón Allende on his own behalf.   Víctor Gutiérrez
Franqui, Attorney General, and J. Rivera Barreras, Fiscal of
the Supreme Court, for appellee.

PER CURIAM: In two informations for the offense of bur-
glary in the first degree the prosecuting attorney alleged that
Genaro Colón Allende. broke into two houses "during the
hours of the night" with the criminal intention of commit-
ting grand or petit larceny.   In the arraignment, the de-
fendant, assisted by counsel, pleaded guilty to both offenses.
and was sentenced, concurrently, from one to five years' im-
prisonment in the penitentiary in each case.

Alleging that said sentences were void because the lower
court had not determined the degree of the offense pursuant
to § 310 of the Code of Criminal Procedure, the defendant
filed in said court a petition for habeas corpus, which peti-
tion was dismissed after a hearing.   Feeling aggrieved he
appealed, and alleges that the court erred in not granting

1

the petition pursuant to our ruling in *Nieves* v. *Jones, Acting Warden*, 72 P.R.R. 272.

The appellant is wrong. Precisely in the *Nieves* case we said that the case law in California has laid down that "when the defendant pleads guilty to a charge of burglary committed in the nighttime or of robbery armed with a deadly weapon (both considered in the first degree), the court does not err in failing to determine the degree of the crime, for defendant's admission that he committed the offense under the circumstances alleged in the information is sufficient. See *Ex parte Haase*, 90 Pac. 946 (C. A. 3, Cal., 1907) and *People* v. *Mendietta*, 226 P. 2d 34 (D.C.A. 1, Cal., 1951)."

Even though under the light of the facts alleged in the information in the *Nieves* case, *supra*, we decided that those cases were not applicable, they do apply to the present case and, therefore, the judgment will be affirmed.