GENARO COLÓN ALLENDE, peticionario y apelante, *v.* JAMES M. JONES, ETC., recurrido y apelado.

Núm. 10596.—*Sometido:* Enero 2, 1952.   *Resuelto:* Enero 4, 1952.

*Genaro Colón Allende,* por su propio derecho; *Hon. Procurador General Víctor Gutiérrez Franqui y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del apelado.

*Per Curiam:* En dos acusaciones por los delitos de escalamiento en primer grado el fiscal alegó que Genero Colón Allende penetró "durante las horas de la noche" en dos casas con la intención criminal de cometer hurto o ratería.   En el acto de leerse las acusaciones, el acusado, asistido de abogado, hizo alegaciones de culpabilidad en ambos casos, y fué sentenciado a cumplir, concurrentemente, de uno a cinco años de presidio en cada caso.

Alegando que dichas sentencias eran nulas por no haber la corte inferior determinado el grado del delito de acuerdo con el artículo 310 del Código de Enjuiciamiento Criminal, el acusado radicó en dicha corte una petición de hábeas corpus, la cual, después de celebrada una vista, fué declarada sin lu-

gar. No conforme apeló y en este recurso alega que la corte erró al no declarar con lugar la petición de acuerdo con lo resuelto en el caso de *Nieves* v. *Jones, Jefe Interino Penitenciaría*, 72 D.P.R. 287.

No tiene razón el apelante. Precisamente en el caso de *Nieves* dijimos que la jurisprudencia de California sostiene que "cuando en una acusación por el delito de escalamiento cometido durante las horas de la noche o en acusación por robo, cometido con un arma mortífera (ambos considerados en primer grado) el acusado hace alegación de culpabilidad, la corte no comete error al no determinar el grado del delito pues la admisión del acusado de que cometió el delito bajo las circunstancias alegadas en la acusación es suficiente. Véanse los casos de *Ex parte Haase*, 90 Pac. 946 (C.A. 3, Cal., 1907) y *People* v. *Mendietta*, 226 P.2d 34 (D.C.A. 1, Cal., 1951)."

Aun cuando por los hechos alegados en la acusación en el caso de *Nieves*, supra, consideramos que dicha jurisprudencia no era aplicable, sí lo es a los del presente y, en su consecuencia, *debe confirmarse la sentencia.*