[Crim. No. 985.   Second Appellate District, Division One.—October 4, 1923.]

In the Matter of the Application of C. HERNANDEZ for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—JUSTICE'S COURT—ABSENCE OF ESSENTIAL ELEMENT FROM COMPLAINT—JURISDICTION.—If a criminal complaint in its charge against the defendant completely fails to include some essential element necessary to the description of a criminal act, and the commitment has issued out of a justice's court, or other inferior court of that grade, the lack of jurisdiction is established; and in such a case *habeas corpus* is an appropriate remedy.

[2] CRIMINAL LAW—ALLEGED VIOLATION OF ORDINANCE—PLEADING—INSUFFICIENCY OF COMPLAINT—JURISDICTION.—A complaint charging an alleged violation of a city ordinance, which provides, "It shall be unlawful for any person to have, keep or store any intoxicating liquor in any public or semi-public place in said city except as provided herein," fails to charge the commission of a public offense within the jurisdiction of the police court, where it does not charge that the defendant kept the intoxicating liquor in any public or semi-public place.

PROCEEDING on Habeas Corpus to secure release of petitioner from custody for alleged violation of city ordinance.

The facts are stated in the opinion of the court.

Dorsey & Campbell for Petitioner.

H. E. Schmidt, District Attorney, for Respondents.

CONREY, P. J.—The return to the writ shows that the petitioner is held in custody under commitment issued out of the police court of the city of Bakersfield. This commitment was issued pursuant to judgment rendered in said court in an action of the people against petitioner. By that judgment it was ordered that the defendant be confined in the county jail of the county of Kern for 180 days

---

1. Writ of *habeas corpus* to test indictment or information, note, L. R. A. 1918B, 1156.

"as a punishment for the offense committed in the city of Bakersfield, Kern county, state of California, on or during Nov. 16, 1922, to wit: Violation of section 6 of ordinance 64, new series, a misdemeanor as charged in the complaint." At that time, November 16, 1922, the Wright Act (Stats. 1921, p. 79), the California prohibition enforcement law, had not taken effect.

The complaint charged that on the stated date and within said city the defendant "did then and there willfully and unlawfully have in his possession and keep and store in the premises situate at 429 Beale Avenue, in the city of Bakersfield, intoxicating liquor containing more than one-half per cent alcohol by volume without a valid permit so to do, in violation of the provisions of section 6 of Ordinance No. 64, new series, passed and adopted by the council of said city on the 13th day of September, 1920."

Section 6 of said ordinance reads as follows: "It shall be unlawful for any person to have, keep or store any intoxicating liquor in any public or semi-public place in said city except as provided herein." Petitioner contends that the complaint failed to charge the commission of any crime, in that it did not allege that the premises described were a public place or a semi-public place.

The question thus presented relates to the right of a prisoner, held in custody under a judgment based upon a defective complaint, to obtain release by means of the writ of *habeas corpus*. In *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804], the petitioner was delivered into the custody of the sheriff pursuant to a judgment of a justice's court after conviction on a complaint purporting to charge that defendant had committed a misdemeanor. The supreme court, having first determined that the complaint in the justice's court did not state facts sufficient to constitute a public offense, stated that it has been the uniform practice to consider on *habeas corpus* the question of the sufficiency of the complaint in an inferior court (as distinguished from a court of general jurisdiction), and to discharge the prisoner where such complaint failed to show a public offense under the laws of the state. It was recognized that under the decision in *Ex parte Ruef*, 150 Cal. 665 [89 Pac. 605], a different rule prevails as to superior courts. But the court said that this distinction had been fully consid-

ered in *Ex parte Kearny,* 55 Cal. 212, where the prisoner was discharged solely because of the insufficiency of the complaint to show a public offense under the laws of the state. The rule thus declared was expressly reaffirmed in *Matter of Ah Sing,* 156 Cal. 349 [104 Pac. 448].

Respondent contends, however, and with this we agree, that in following the decisions in the Kearny case and the Greenall case, the court should not go so far as to consider that all allegations omitted which make a complaint subject to demurrer constitute essential elements of the complaint. . The decisions on this subject have been reviewed very fully in the recent case of *Ex parte Hayward,* 62 Cal. App. 177 [216 Pac. 414]. **[1]** As we understand it, the correct rule is that if the complaint in its charge against the defendant completely fails to include some essential element necessary to the description of a criminal act, and the commitment has issued out of a justice's court, or other inferior court of that grade, the lack of jurisdiction is established. In such a case, *habeas corpus* is an appropriate remedy. **[2]** We think that the complaint now before us is one which wholly fails to charge the commission of a crime, and is not merely defective in the attempted description of a crime covered by the ordinance. The case is very similar to that of *Matter of Worthington,* 21 Cal. App. 497 [132 Pac. 82], of which this court made disposition as follows: "It appearing to the court that the act which petitioner is charged with having violated is one entitled, an act governing the use of automobiles upon public highways, and it not being averred in the complaint that the defendant used or operated his automobile upon a public highway, the complaint failed to state any public offense, and for that reason it is ordered that petitioner be discharged." So here, as it was not charged that petitioner kept the intoxicating liquor in any public or semi-public place, the complaint did not state any public offense within the jurisdiction of that court.

It is ordered that petitioner be discharged from custody.

Curtis, J., and Shenk, J., *pro tem.,* concurred.