[Crim. No. 2604. Second Appellate District, Division Two.—November 15, 1934.]

In the Matter of the Application of FLOYD STEWART for a Writ of Habeas Corpus.

Alexander L. Oster for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

WILLIS, J., *pro tem.*—The return to the writ shows that petitioner was, until released on bail herein, held in custody under commitment issued out of the Justice's Court of San Jose Township, in the County of Los Angeles, pursuant to judgment entered in said court in an action by the people against petitioner and by which he was sentenced to imprisonment in the county jail for a period of six months.

The complaint in that case, to which petitioner pleaded guilty, charged that on a stated date, "at Valley Blvd., near Spadra, San Jose Township, outside of Los Angeles city, in the county of Los Angeles, State of California, the crime of Vio. Co. Ord. 1735 N. S. Misdemeanor was committed by Floyd Stewart, who at the time and place aforesaid did wilfully and unlawfully appear in an intoxicated condition upon a public highway, towit: the Valley Blvd., near Spadra". The ordinance referred to, in its pertinent. parts, reads as follows: "It shall be unlawful for any intoxicated person, or any person in an intoxicated condition, wilfully to appear, remain or be in or on any public highway, street, alley, way, park, playground or public place in the unincorporated territory of the county of Los Angeles, whether such person is or is not in or upon any automobile, street, or interurban car, vehicle or conveyance." Petitioner contends that the complaint failed to charge the commission of any crime, in that it did not allege that the offense occurred in unincorporated territory of the county.

█ It is the accepted rule that if the complaint in its charge against the defendant completely fails to include some essential element necessary to the description of a criminal act, and commitment has issued out of a justice's court or other court of inferior grade, the lack of jurisdiction is established. (*Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804]; *In re Hernandez*, 64 Cal. App. 71 [220 Pac. 423].) █ In this case it was essential to include in the complaint allegations sufficient to show that the offense charged was committed in unincorporated territory of the county, and the sole question herein is, Did it do so?

Section 1426 of the Penal Code prescribes the form and contents of a complaint in a justice's or police court. It must be under oath, setting forth the offense charged with such particulars of time, place, person and property as to enable the defendant to understand distinctly the character of the offense complained of and to answer it. Such statement may be made in ordinary and concise language, without any allegations of matter not essential to be proved. It may be in any words sufficient to give the accused notice of the offense of which he is accused. Measuring the allegations of the complaint herein by the terms of this section of the Penal Code, we are satisfied that the conditions therein have been substantially complied with. The particulars of time, place, person and offense of which he is charged, so as to give the accused notice thereof sufficient to enable him to distinctly understand it and to answer it, are therein stated. The language "outside of Los Angeles city, in the county of Los Angeles" and "the crime of Vio. Co. Ord. 1735 N. S. Misdemeanor", read together and in conjunction with the text of the whole complaint and with the common and popular understanding that the phrase "in the county", when referring to governmental jurisdiction, means outside an incorporated city, conveys and necessarily imports the meaning that the described place was in unincorporated territory of Los Angeles County. Hence the omission in the complaint of the words "in unincorporated territory" did not result in complete failure to include an essential element of the crime charged. The element of place or location distinctly appears, and the provisions of section 1426 of the Penal Code are sufficiently complied with to sustain the judgment based thereon after plea of guilty.

The writ is discharged and petitioner is remanded to custody.

Stephens, P. J., and Crail, J., concurred.