[Crim. No. 375.   Fourth Appellate District.—January 7, 1939.]

In the Matter of the Application of CONRAD MEISNER for a Writ of Habeas Corpus.

Robert M. Barnard and Kenneth G. Avery for Petitioner.

Dan F. Conway, District Attorney, and John W. Guerard, Deputy District Attorney, for Respondent.

GRIFFIN, J.—Petitioner seeks his release from the custody of the sheriff of Fresno County by a writ of *habeas corpus*, contending that on the 5th day of November, 1938, he was erroneously committed by the judge of the City Court of the City of Coalinga, in Fresno County.

Petitioner sets forth two grounds by which he seeks his release: (1) Failure of the complaint to state in the charging part thereof that the offense was committed within the corporate limits of the city of Coalinga and (2) that the complaint fails to state a public offense in that it does not specifically allege that the property stolen was the property of another.

The complaint was entitled "In the City Court of the City of Coalinga, County of Fresno, State of California." The charging portion of the complaint, about which petitioner complains, is as follows: "That said defendants on or about the 4th day of November, 1938, at and in the County of Fresno, State of California, did wilfully and unlawfully steal and take property not belonging to them, to wit, scrap iron which was located on railroad property adjacent to W. L. Plaugher's property on West Elm Street. All of which is contrary to the form, force and effect of Ordinance No. Section 488 of the City of Coalinga . . . " To this complaint petitioner entered a plea of guilty and was thereafter sentenced to pay a fine of $120 or serve 60 days in the county jail. The judgment of conviction has become final without objection.

In approaching the first objection raised, we find a more or less perplexing problem presented. It has been often reiterated that the question of jurisdiction is fundamental. It is the primary question for determination by a court in any case, for jurisdiction is the power to hear and determine. (*In re Wyatt*, 114 Cal. App. 557 [300 Pac. 132]; 7 Cal. Jur., p. 584.)

■ In support of his contention petitioner cites the general rule that if the complaint, in its charge against the defendant, completely fails to include some element essential to the description of a criminal act and commitment has issued out of a court of inferior grade the lack of jurisdiction is established. (*In re Stewart*, 2 Cal. App. (2d) 252 [37 Pac. (2d) 699]; *Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804]; *In re Hernandez*, 64 Cal. App. 71 [220 Pac. 423].)

■ It appears to be well settled that the criminal jurisdiction of a city court is limited to the trial of such offenses as are committed within the boundaries of the city wherein the court sits. (*In re Wyatt*, *supra*; *In re Jacinto*, 8 Cal. App. (2d) 275 [47 Pac. (2d) 300]; Deering's Gen. Laws, Act 5233, sec. 882; *Antilla* v. *Justice's Court*, 209 Cal. 621 [290 Pac. 43].) A city court is an inferior court and no presumption of jurisdiction attaches to the judgments of such a tribunal. (*Forbes* v. *Hyde*, 31 Cal. 342, 347; *In re Wyatt*, *supra*; *Carlon* v. *Gray*, 10 Cal. App. (2d) 658, 666 [52 Pac. (2d) 966].) ■ Where the court is one of inferior and limited jurisdiction, evidence of its proceedings must affirmatively show jurisdiction of the person of the

defendant and over the subject-matter. (*Ex parte Kearny,* 55 Cal. 212; *Ex parte Greenall, supra; In re Garbarini,* 129 Cal. App. 618 [19 Pac. (2d) 27].) ▉ The pleadings in city courts are governed by section 1426 of the Penal Code, which provides as follows:

"All proceedings and actions before a justice's or police court, or a municipal court, for a public offense of which such courts have jurisdiction, must be commenced by complaint under oath, setting forth the offense charged, with such particulars of time, place, person, and property as to enable the defendant to understand distinctly the character of the offense complained of, and to answer the complaint. In charging an offense, each count shall contain, and shall be sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations of matter not essential to be proved. It may be in the words of the enactment describing the offense or declaring the matter to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is accused. In charging theft, it shall be sufficient to allege that the defendant unlawfully took the labor or property of another.''

These provisions are not to be considered in the light of the rules governing indictments and informations. (*In re Winston,* 160 Cal. 18 [116 Pac. 390]; *In re Hartman,* 9 Cal. (2d) 583 [71 Pac. (2d) 921].) ▉ In the case of *In re Wyatt, supra,* this court held that an appellate court is not foreclosed from going beyond the record of a justice's court when it was conceded in the *habeas corpus* proceedings that the evidence *dehors* the record would show that the offense charged was one over which the justice's court had no territorial jurisdiction. Under this holding, assuming that the property was not stolen in the city limits of Coalinga and if it was so conceded, this court would have the authority to grant the writ on the ground of lack of territorial jurisdiction. But petitioner in this case does not so contend, nor does he make any showing to this effect.

In the late case of *In re Hartman, supra,* petitioner was tried in the Justice's Court of San Bernardino Township, County of San Bernardino, on two counts. One count charged a violation of section 15 of the State Chiropractic Act, a misdemeanor committed on January 18, 1936, in "San

Bernardino Township, County of San Bernardino, State of California''. In count two he was charged with the violation of section 17 of the State Medical Act, a misdemeanor committed on January 8, 1936, ''within the State of California''. Petitioner contended that his conviction and commitment under count two was insufficient because it was not alleged therein where the alleged offense was committed except ''within the State of California''. In other words, it was contended that the absence of an allegation that the crime was committed in San Bernardino township or in the county of San Bernardino rendered the count insufficient to warrant a conviction and imprisonment. In disposing of this question the Supreme Court said:

''Good pleading would require that the complaint allege the township in which the alleged offense was committed, but the code sections governing pleadings in justices' courts do not specifically provide that such fact be alleged, and it was held in *In re Kaster*, 52 Cal. App. 454 [198 Pac. 1029], that the failure of the complaint to designate the township in which the crime was committed was not fatal to the execution of a judgment of conviction on such a defective pleading. It was there held that nothing could be found in the statute making it mandatory to insert in the complaint the name of the township wherein it is claimed the offense was committed; that while the writ of *habeas corpus* would lie when the complaint wholly failed to state a public offense, the writ could not be made to subserve the office of a demurrer; and that it was too late to raise the point after the judgment of conviction had become final in a case where it appeared that on the trial the court had jurisdiction of the subject-matter of the action and of the person of the defendant. The holding of the District Court of Appeal was approved by this court in *In re Kaster*, 185 Cal. 647 [198 Pac. 1031].

''In the present proceeding it is not contended that the offense with which the petitioner was charged and convicted was not committed in the township of San Bernardino. If such was not the fact it was incumbent on the petitioner so to allege. The complaint was entitled: 'In the Justice's Court of San Bernardino Township, County of San Bernardino, State of California.' The first count alleged the matters which the petitioner claims the second count should have contained. The fact that in pleading the second count

the name of the township and county were omitted could not have operated to the prejudice of the petitioner. When a defendant, under the circumstances here shown, suffers a doubtful record to become final against him without objection, he may not thereafter freely criticize it in an indirect attack upon it. (*Campbell* v. *Aderhold,* 67 Fed. (2d) 246.) This court would not be justified in releasing a petitioner on *habeas corpus* who even now is not denying that he was convicted in the township wherein the offense was committed, but complains only that the complaint charging him with the offense did not allege that it was committed in that township.''

■ Considering the second point raised, petitioner claims that the property may have been abandoned property and therefore the allegation in the complaint that he did wilfully and unlawfully steal and take property *not belonging to him* was not a sufficient allegation of the fact that the property taken was the *personal property of another.* Petitioner's plea of guilty to the charge that he did wilfully and unlawfully steal and take the property would in itself negative the claim that the property may have been abandoned. ''All property has an owner, whether that owner is the State, and the property public, or the owner an individual, and the property private.'' (Civ. Code, sec. 669.) Then it must follow ''as the night the day'', that if the property did not belong to the petitioner it did belong to another. There has been no showing made in this court by petitioner that the property was abandoned property. (*In re Hartman, supra.*)

Measuring the allegations of the complaint herein in the light of the decision of *In re Hartman, supra,* and the terms of section 1426 of the Penal Code, we are impelled to arrive at the ultimate conclusion that there has been a sufficient compliance with the above-mentioned section to sustain the judgment after a plea of guilty.

No other points being raised, the writ is discharged and the petitioner is remanded.

Marks, J., concurred.

Presiding Justice Barnard being disqualified did not participate herein.