**FA'ALELEIAIGA STEVENS, Petitioner**

**v.**

**CHARLES STEVENS, Respondent**

High Court of American Samoa
Trial Division

DR No. 72-91

May 27, 1992

Before RICHMOND, Associate Justice, MATA'UTIA, Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Petitioner, William H. Reardon
For Respondent, Mary Frances Hackshaw

Findings of Fact and Conclusions of Law:

The above-entitled cause came on regularly for trial on April 27, 1992. The Court heard testimony and received other evidence, and the cause was submitted for decision. The Court, having considered the evidence, finds as follows:

## FINDINGS OF FACT

1. Both parties have been bona fide and continuous residents of American Samoa for at least one year next preceding the commencement of this action on October 4, 1991.

2. The parties were married on May 27, 1983, and they have continued to be husband and wife since that date. Apparently, respondent did obtain a divorce from petitioner on January 20, 1992, in the State of Tabasco, Republic of Mexico. We presume for discussion that this divorce was valid under the laws of Tabasco. However, it cannot be recognized in American Samoa for several reasons.

First, the decree has not been properly authenticated. It lacks a final certification of the genuineness of the signature and official position of the court clerk who purportedly signed the decree, as required by the Rules of Evidence, Rule 902(3).

Second, it does not appear that Tabasco or Mexico had any legitimate interest in the marital status of the parties. The Tabasco decree does not show the physical presence of either party in Mexico, let alone Tabasco, which is in the lower southeast part of Mexico. Respondent testified to spending two days in Tijuana, Mexico, where he arranged for the divorce. Tijuana is in the extreme northwest corner of Mexico. Both parties are clearly bona fide residents of American Samoa. Residents cannot step across an international boundary as casual visitors and bring back a divorce decree worthy of any consideration here. *McElhatten v. McElhatten*, 159 Cal. App. 2d 136, 323 P.2d 500 (1958).

Next, recognition of a foreign divorce decree should not be permitted when the sole purpose of seeking the divorce in a foreign court is to evade the laws of American Samoa. See the concurring opinion in *Scott v. Scott*, 51 Cal. 2d 249, 331 P.2d 641 (1958). Respondent obtained the Mexican divorce after this action was filed, after this Court issued orders pendente lite, and while he was admittedly committing adulterous conduct. He ostensibly remarried immediately. His evasive purpose is evident.

Lastly, also very important, recognition of a foreign divorce decree should be withheld when the divorce proceedings are held ex parte without reasonable notice to the defendant. *See Scott v. Scott*, *supra* (concurring opinion). There may have been service of process over petitioner under the laws of Tabasco, but the nature of that service is not set forth in the decree. There is no evidence that petitioner received actual or legitimate constructive notice of the Mexican proceedings, participated in them, or had any real opportunity to do so.

3. The parties separated in February 1991, and they have not lived together as husband and wife since their separation.

4. Three children are the issue of the marriage:
Jerry Stevens, male, born March 26, 1984;
Charles Stevens, Jr., male, born March 6, 1986;
Popi Stevens, male, born January 25, 1988.

5. Petitioner testified to respondent's admission to her of committing adultery before the parties separated. Respondent testified to committing adultery in August 1991 and in January and February 1992. Acts committed after separation may afford grounds for divorce. *Palmanteer v. Palmanteer*, 11 Cal. 2d 570, 81 P.2d 910 (1938). We find that respondent committed adultery both before and after the parties' separation. We also find that the evidence is insufficient to establish respondent's allegations of adultery and habitual cruelty or ill usage by petitioner.

6. Both parties are fit and proper persons to have the care, custody and control of the minor children of the parties. However, other things being equal, children of tender years should remain together and their custody given to the mother. The mother is the natural custodian of her young. There is no satisfactory substitute for her love. *Washburn v. Washburn*, 49 Cal. App. 2d 581, 122 P.2d 96

(1942). Other things to be weighed and considered are a good home, congenial surroundings, and intelligent attention and direction in matters affecting the health, education, growth and development of the children. *Bemis v. Bemis*, 89 Cal. App. 2d 80, 200 P.2d 84 (1948). The children of the parties, who are ages 8, 6 and 4, respectively, will have equal advantages in the home of petitioner, who has demonstrated her ability and willingness to perform her maternal duties properly. Thus, the care, custody and control of the children should be given to petitioner, subject to respondent's visitation rights at all reasonable times.

7. Petitioner and the minor children of the parties need support. We have analyzed petitioner's financial statement and respondent's financial records and tax returns for the business carried on by The Record Store, Inc., which he manages, as well as both parties' testimony, to determine a reasonable level of support. It is clear that petitioner's accustomed standard of living for herself and the children cannot be maintained. Accordingly, we have made some downward adjustments to the monthly budgetary amounts set forth in her financial statement. Assuming respondent continues to make the mortgage payments on the family home, loan payments on the vehicle used by petitioner, and the children's tuition at a private school, as he has been doing, we find that a reasonable amount of support is $370 per week. Taking into account petitioner's net weekly salary from her employment with Hawaiian Airlines of approximately $70, respondent must pay $300 per week to make up the difference. Petitioner also has attorney's fees and costs to pay in this action. At the time of trial, her attorney's fees were $1,700, which is a reasonable amount.

Since respondent's income is dependent upon the sales made by his business, which necessarily varies from time to time, his ability to pay support is not as susceptible to such precise analysis. However, the growth of his business has averaged about 5 percent per year, setting aside the first year of the business, which he opened in 1978, and an operational loss in 1991. Business this year through March 31 has been reasonably good. His annual salary is $26,000. The business provides the additional funds to make the house loan, vehicle loan and tuition payments. We find that respondent has the ability to provide $300 per week for the support of petitioner and the minor children, and to pay petitioner's attorney's fees and costs in this action.

Child support should be separately stated at $75 per week per child, and spousal support at $75 per week.

8. Property at issue in this action includes the family home in Ili'ili, American Samoa; a 1991 Ford Explorer motor vehicle; shares of stock in The Record Store, Inc.; a bank account at the Bank of Hawaii, American Samoa Branch, into which insurance proceeds covering damage to the family during Hurricane Val in December 1991 were deposited; furniture and furnishings; and clothing and other personal effects.

The family home should be transferred to petitioner to provide a home for herself and the minor children of the parties.

The Record Store, Inc. is the registered owner of the 1991 Ford Explorer. However, since this is closely held family business and petitioner needs the vehicle for the transportation of herself and the minor children, this vehicle should be transferred to petitioner as the registered owner at this time and as the legal owner when the loan for its purchase is fully paid.

Since petitioner no longer has any operational interest in The Record Store, Inc., except to the extent successful operation of the business is essential for the support of herself and the minor children of the parties, her shares of stock of the corporation should be transferred to respondent.

The funds in the bank account should be used for their intended purpose of repairing the family home. If any funds remain after the repairs are completed, they should be used to reduce the principal amount of the mortgage on the family home.

Each party should retain the furniture and furnishings and the clothing and personal effects now in their respective possession as the owner of such property.

9. The debts of the parties include the mortgage on the family home and the purchase loan on the 1991 Ford Explorer motor vehicle. The tuition of the minor children of the parties must also be paid, so long as the children are enrolled in a private school. Respondent should be required to continue making the two loan payments and to hold petitioner harmless from these debts. He should also be required to continue making the tuition payments.

10. Petitioner's maiden name is Mapo Niko.

## CONCLUSIONS OF LAW

From the foregoing facts the Court concludes:

1. Petitioner is entitled to a divorce from respondent on the ground of respondent's adultery.

2. Petitioner is entitled to the care, custody and control of the minor children of the parties, subject to respondent's visitation rights at all reasonable times.

3. Petitioner is entitled to receive from respondent $75 each week for the support of each of the three minor children of the parties and $75 each week as spousal support, a total of $300 per week, on Friday of each week, commencing May 29, 1992.

4. Petitioner is entitled to payment by respondent of her attorney's fees in the sum of $1,700 and costs in this action.

5. The property itemized in the Findings of Fact is subject to be divided between the parties by the Court and is divided as follows:

To petitioner: the family home in Ili'ili, American Samoa, 1991 Ford Explorer motor vehicle, furniture and furnishings in her possession, and clothing and other personal effects in her possession.

To respondent: Petitioner's shares of stock in The Record Store, Inc., furniture and furnishings in his possession, and clothing and other personal effects in his possession.

The bank account at the Bank of Hawaii, American Samoa Branch, should and shall be expended on repairs to the family home. Any funds remaining upon completion of the repairs shall be expended to reduce the principal amount of the mortgage on the family home.

6. Respondent should and shall be ordered to pay the mortgage loan on the family home and the purchase loan on the 1991 Ford Explorer motor vehicle, and to hold petitioner harmless therefrom, and to pay the tuition of the minor children of the parties, so long as they are enrolled at a private school.

7. Petitioner is entitled to the restoration of her maiden name Mapo Niko upon entry of the decree of divorce.

It is ordered that judgment will be entered accordingly.